## Case No. 8,033.

### LA MOTHE MANUF'G CO. v. NATIONAL TUBE WORKS CO.

[15 Blatchf. 432; 7 Reporter, 138.][1]

Circuit Court, S. D. New York. Jan. 4, 1879.

REMOVAL OF CAUSES — REPEAL OF STATUTE—CORPORATION — SUFFICIENT APPEARANCE — AVERMENTS FOR REMOVAL—RELIEF PRAYED FOR.

1. Subdivision one of section 639 of the Revised Statutes of the United States, in regard

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 7 Reporter, 138, contains only a partial report.]

to the removal of causes from state courts, is superseded and repealed by the act of March 3, 1875 (18 Stat. 470), in respect to a case which is covered both by said subdivision and by section 2 of said act.

2. What is a sufficient appearance by a defendant corporation, to give to a court jurisdiction over it, so as to make its proceedings to remove the cause to a federal court valid.

3. What are sufficient averments in a petition for the removal of a cause.

4. Where a complaint put in, in the state court, before the removal of a cause, prays for relief purely equitable, and, also, for relief purely legal, the plaintiff must replead, in the federal court.

[Cited in Phelps v. Elliott, 26 Fed. 882; Schneider v. Foote. 27 Fed. 585; Doe v. Roe. 31 Fed. 99; Potts v. Accident Ins. Co. of North America, 35 Fed. 567.]

[Motion to remand the cause to the state court, and to compel the plaintiff to plead.] [2]

Charles W. Dayton, for plaintiffs.
Sullivan, Kobbé & Fowler, for defendants.

BLATCHFORD, Circuit Judge. The defendants, a Massachusetts corporation, have removed this cause into this court from the supreme court of New York. The plaintiffs are a New York corporation. The suit is one of a civil nature, brought and pending in the state court, the matter in dispute exceeds the prescribed amount, and there is a controversy in it between citizens of different states. The case is one within the provisions of section 2 of the act of March 3, 1875 (18 Stat. 470), and the petition for removal, in the state court, set forth that the removal was sought under the act of 1875. The plaintiffs now move that the cause be remanded to the state court.

It is contended, for the plaintiffs, that the provision of subdivision one of section 639 of the Revised Statutes is still in force, and that, as this is a suit by a citizen of the state wherein it is brought against a citizen of another state, and is removed on the petition of the defendants, such petition must have been filed in the state court at the time the defendants entered their appearance in the state court, and that the petition in this case was not so filed. But the better opinion is, that such provision in subdivision one of section 639 was superseded and repealed by the act of 1875. The 10th section of the act of 1875 provides that all acts and parts of acts in conflict with its provisions are repealed. The 3d section of the act of 1875 provides, that, whenever either party entitled to remove any suit mentioned in section 2 of that act shall desire to remove such suit from a state court to the circuit court of the United States, he may file a petition for such removal, in the state court, "before or at the term at which said cause could be first tried, and before the trial thereof." In respect to a case which is covered by section 2 of the act of 1875, even though the same case was

covered by subdivision one of section 639 of the Revised Statutes, the provision of section 3, that the petition for removal may be filed "before or at the term at which said cause could be first tried, and before the trial thereof," is in conflict with the provision of said subdivision 1, that the petition must be filed at the time the appearance of the defendant is entered in the state court, and the earlier provision is repealed. Judge Dillon says (Dill. Rem. Causes, p. 28) that it would seem that subdivision 1 of section 639 "is practically repealed by reason of being merged in the more enlarged right given by the act of 1875." In Cooke v. Ford [Case No. 3,173], Judge Ballard says, that the provision in question, in the act of 1875, is inconsistent with that of subdivision one of section 639, that each covers precisely the same ground, and that both cannot stand.

The plaintiffs also contend, that, as the defendants are a Massachusetts corporation, the state court could obtain jurisdiction of them only by attachment or by voluntary appearance; that no attachment was ever issued in the suit; that the defendants had not voluntarily appeared when the cause was removed; and that, therefore, the cause could not be removed. The plaintiffs' papers state that the summons and complaint in the suit were served on the defendants on the 21st of August. 1878. The defendants' papers state that they were served on a director of the defendants on or about the 20th of August, 1878. The Code of Procedure of New York, (section 432,) provides for the personal service of a summons upon a defendant which is a foreign corporation, by delivering a copy of it, within this state, to an officer of the corporation, or a person designated by it, or, under certain circumstances, to a director of the corporation. On the 9th of September, 1878, the defendants obtained from a judge of the state court an order for twenty days further time to answer. This order set forth, that it was made on the motion of Sullivan, Kobbé & Fowler, "attorneys for the defendant." A copy of this order, and of the affidavit on which it was granted, was served on the plaintiffs' attorney on the same day. This was a sufficient appearance, if any was needed, to give jurisdiction, after the service referred to. Besides, the presentation of the petition for removal to the state court was a sufficient appearance, as against the plaintiffs and the point now taken.

The petition for removal was sufficient. Setting forth that the suit is an action of an equitable nature, brought to enjoin the defendant from doing any act under a certain agreement, and to cancel said agreement, and to recover the sum of $100,000 as damages, and that said $100,000 is the sum involved in the suit, is a sufficient averment that the suit is one of a civil nature, at law or in equity, and that the matter in dispute

exceeds, exclusive of costs, the sum or value of $500.

It is objected, that the petition for removal did not show that it was made "before or at the term at which said cause could be first tried." The petition was dated September 18th, 1878, and was presented September 28th, 1878. It set forth, "that this cause has not been tried. and it cannot be tried before the term of this court appointed to be held upon the first Monday of October, 1878, and not during said term, as your petitioner believes." The statute was sufficiently complied with. The motion to remand the cause must be denied.

The complaint alleges various breaches, by the defendants, of the provisions of a written agreement between the parties to the suit, for the manufacture by the defendants of railroad cars, under an exclusive license to them by the plaintiffs, for ten years, under certain patents owned by the plaintiffs, and avers, that, by such breaches, the plaintiffs' have sustained damage to $100,000. It demands judgment (1) that the defendants be enjoined from acting under the agreement; (2) that the agreement and all licenses granted thereunder be annulled, cancelled and set aside; (3) that the plaintiffs recover from the defendants $100,000 damages. The defendants move that the plaintiffs be compelled to replead, in this court, on the ground, that the complaint, as it stands, prays for both legal and equitable relief, and that the two kinds of relief cannot be united in one suit in this court.

It is clear, that the complaint prays for purely equitable relief, in praying for an injunction and for the cancellation of the agreement; and, that it prays for purely legal relief, in praying for the award of $100,000 damages, for breaches of the provisions of the agreement. Under section 484 of the Code of Procedure of New York, a plaintiff may unite, in the same complaint, two or more of certain causes of action specified in that section, "whether they are such as were formerly denominated legal or equitable, or both." But this cannot be done in the federal courts, either in causes originally commenced there, or in causes removed there. The present complaint must be recast into two cases, one at law and one in equity. Dill. Rem. Causes, 41, and cases there cited. In Fisk v. Railroad Co. [Case No. 4,829], the plaintiff, in a removed suit, divided it into a legal action and an equitable action, in this court, and the practice was approved. See Bennett v. Butterworth, 11 How. [52 U. S.] 669; Thompson v. Railroad Co., 6 Wall. [73 U. S.] 134; Montejo v. Owen [Case No. 9,722].

It is urged, for the plaintiffs, that. as the court has jurisdiction to grant the equitable relief asked for, it would retain the jurisdiction, to award. in equity, the damages claimed; that, on proof of a breach of the agreement, and of damages sustained thereby, the equitable relief asked for would be granted; and that, therefore, there is no necessity for repleading. There is "a plain, adequate and complete remedy" at law, in respect to the damages claimed, and to allow them to be recovered in equity, and to deprive the defendants of a trial by jury in respect to them, would violate the provision of section 723 of the Revised Statutes.

The motion that the plaintiffs replead must be granted and, if the equitable relief is pursued, a bill must be filed, drafted in accordance with the rules in equity, prescribed by the supreme court. Any complaint in a suit at law may be in such form as is allowed in the practice of the state courts, in a common law suit.