### THE EMMA SILVER MINING Co. (Limited) v. THE EMMA SILVER MINING Co. OF N. Y. and others.

*(Circuit Court, S. D. New York.   January 14, 1880.)*

PRACTICE—PLEAS—REFERENCE.—Where judgments are pleaded in bar, the court on motion may refer the pleas to a master to ascertain the truth of the same.

*E. W. Stoughton,* for complainant.

*J. E. Burrill,* for defendants.

CHOATE, J.   In this case the several defendants have filed, with the leave of the court, several pleas, some of which are to the whole bill and some of which are to parts of the bill.   In these pleas they have set forth the existence of certain records, being judgments in suits at law in this court and in courts of Utah.   These judgments are pleaded in bar of this suit, or of part or parts of the relief sought by this bill.

The complainant now, without replying or setting down the pleas for argument, moves that it be referred to a master to take proof of the truth of the pleas.   The purpose designed to be accomplished by the motion, as stated upon the argument, is that if the pleas, or some of them, are set down for argument the judgments so pleaded may, upon the argument, be before the court.   And a further reason alleged for the motion is that, from the peculiar averments in the pleas as to the effect of the former judgments, and the inferences of facts and law drawn from them in the pleas, which may be correct inferences from the records, as recited, but which might not be held to be correct inferences from the records themselves, if exhibited at large, the complainant ought not to be compelled to elect whether to reply to the pleas or to set them down for argument without the production of copies of the records as parts of the pleas.

It is insisted by the defendants that there is neither precedent nor authority for granting this motion, and that the practice established by the equity rules of the supreme court, 33 to 38, is inconsistent with such a practice, and allows only one of three courses for the complainant, either to demur, take issue, or set down for argument.

The ninetieth rule of the supreme court provides that the practice of this court "shall be regulated by the present practice of the high court of chancery in England, so far as the same may reasonably be applied consistently with the local circumstances and local convenience of the district where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice."

On the question whether the practice of the English court of chancery sanctions the reference to a master to ascertain the truth of a plea setting up a former judgment or decree in bar of the suit I think there is abundant authority in favor of the practice.

The defendants claim that the practice, if any, is limited to pleas of another suit pending, and perhaps to pleas of another suit pending in the same court. But this is not the result of the cases nor of the discussion of the matter by the commentators. In *Morgan* v. *Morgan,* before Lord Chancellor Hardwicke, in 1738, 1 Atk. 53, it is reported as laid down by the Lord Chancellor, in that case, as a rule that where a defendant pleads a decree of dismission of a former cause for the same matters in bar of the plaintiff's demand in his new bill, if the plaintiff does not apply to the court that it may be referred to a master to state whether there is such a decree, but sets down the cause upon the new bill for hearing, it is a waiver of his right of application for such reference, and the court will determine it.

This case shows clearly that the practice of so referring pleas of a former judgment *in bar* was then recognized as proper and as an existing practice. It does not seem to proceed on any mere rule of court, but it establishes or recognizes the rule of practice as being in itself just and right. The reason of the rule is stated by Lord Redesdale as follows:

"There are some pleas which are pleaded with such circumstances that their truth cannot be disputed, *and others being pleas of matter of fact, the truth of which may be immediately ascertained by mere inquiry,* it is usually referred to one of the masters of the court to make the inquiry." Among the pleas so usually referred to he mentions "pleas of a former decree," citing *Morgan* v. *Morgan,* and "pleas of another suit depending," and says, "they are generally referred to a master, and if the master reports the fact true the bill stands instantly dismissed, unless the court otherwise orders. But the plaintiff may except to the master's report, and bring on the matter to be argued before the court, and if he conceives the plea to be defective in point of form or otherwise, independent of the mere truth of the fact pleaded, he may set down the plea to be argued as in the case of pleas in general."

This statement of the practice is adopted almost without modification by Mr. Justice Story, (Story Eq. Pl. § 700,) and with this agree other learned text writers. The reason for the practice thus given is that the matter of which reference is to be made is one *"the truth of which can be immediately ascertained by mere inquiry."* That fact generally is the fact of the existence of a certain record. The cases show that in referring the truth of the plea, the questions of the identity of the parties, and the identity of the cause of action, may also be included in the reference to the master. *Tarleton* v. *Barnes,* 2 Keen, 632–635: *Wild* v. *Hobson,* 2 Ves. & B. 110.

It is objected by the defendants in this case that to refer to a master the truth of the plea would in effect refer to him the trial of the issue that would be raised by a replication to the plea, and would subject the defendants to great hardship, and indeed not advance the cause. No doubt, in the absence of fixed rules regulating the matter to be referred, the court would, in its discretion, limit the reference as circumstances and the nature of the pleas might require, so that it should be in effect what it is indeed intended to be, only the reference of a matter, *"the truth of which can be immediately ascertained on inquiry."* The practice being adopted for facilitating and simplifying the disposition of causes, the court will not

allow it to be used to embarrass and protract the litigation, or, under cover of a reference to a master to ascertain facts capable of being ascertained on inquiry, to lead the parties into a long litigation before a master upon a reference which ought to be conducted in the ordinary course of proceeding, upon issue joined, by the taking of proofs before an examiner, to be submitted to the court upon the hearing of the cause.

In the present case an inspection of the pleas shows that, while the existence of records such as are alleged in the pleas may be immediately ascertained on inquiry, the further questions intended to be raised by the pleas, whether they are for the same causes of action, and whether or not the same evidence could have been offered in the two suits, and other matters averred in the pleas, as inferences from the records, are not questions that ought to be referred upon the principle on which such a reference is allowed. But, as the whole purpose of this motion is to set before the court the records, alleged to be set forth according to their tenor in the pleas, that the truth of the existence of records answering the description of those set forth can obviously be immediately ascertained on inquiry, it falls within the principles of the practice established by the English court of chancery to order such a reference.

Independently of this practice of referring the question of the truth of the averment in a plea of the existence of a certain record, it would seem to be entirely competent for the court, upon the suggestion of the plaintiff or of its own motion, to require a defendant, before the plea is argued, to produce a copy of the record relied on by him, of which only a recital, according to the impleader's understanding of it, or his construction of it, is set forth in the plea. Such practice can do the defendants no possible harm, and may greatly facilitate the argument of a cause, and save both parties from useless litigation, and relieve the court from hearing and determining a merely imaginary or fictitious case.

For, making all proper allowance for the plea being entirely honest and truthful, within the apprehension of the pleader, it may well be that inferences partly of fact and partly of law,

drawn from the record as set forth by the pleader in his plea,. may be seen by the court to be incorrect and impossible inferences from the record, if actually produced in full. And yet, upon the recital of the record as contained in the plea, the court may be obliged, upon the argument of the plea, to assume the truth of those inferences, because, upon the record as recited, their correctness is not an impossibility. Counsel, in drawing a plea, may properly draw inferences from records which in their judgment have so much plausibility that they may be honestly urged upon the court in argument.

The bringing before the court of the records on which the defendant relies in his plea, therefore, only precludes the defendant from temporarily availing himself of a point which must ultimately be decided against him. The practice of referring the matter to a master does really bring the records themselves before the court, because either party may except to the rulings of the master, and with his report comes up the testimony taken, including, of course, any records put in evidence. And, therefore, the objection urged by the defendants that this reference substitutes the judgment of the master for that of the court, on critical points of the case, has no force.

The pleas in this case are obviously such that they cannot be properly or intelligently argued with any hope of reaching a conclusion that will settle, or aid materially in settling, the real controversy between these parties, without having the records relied upon by the defendants before the court, in place of the recital of those records contained in the pleas. If it be said that it is the right of the defendants to plead what they will, I think it is a sufficient answer that it is competent for the court to require pleadings to be made definite and certain, and so far to control and direct the pleadings that the trial and argument shall be brought down to the real point in controversy. If there is no precedent for an order requiring copies of the records pleaded to be brought in upon the argument of the pleas, there are analogies enough of the similar exercise of power by courts of justice, among which may be mentioned the requiring of the profert of a deed

pleaded, the directing of a bill of particulars, and the practice of requiring pleadings to be made more definite and certain, on motion. The practice of referring the truth of the plea may account for the want of precedents for such an order. It could not be questioned that it would be a reasonable rule of court that in all cases where a record is pleaded it should be set forth in the bill, or the plea *in hæc verba,* or by copy annexed to the bill or plea, unless for cause shown excused by the court; and I think it is equally evident that, where justice and the interest of all the parties require it, or will not be prejudiced by it, and the court may thereby be relieved of hearing and deciding a merely imaginary case, the same thing may be directed by special order. There is nothing in the statutes, or the rules, or the principles of practice to prevent it.

I can see nothing in the rules of the supreme court to interfere with the granting of this motion. It is true that rules 33–38 imply that the plaintiff will demur, reply or set down for argument. This is but the embodiment in rules of the ordinary chancery practice. The reference asked for is merely preliminary to setting down for argument or replying to the pleas. It is not inconsistent with the rules. These rules do not purport to regulate all the points of practice, and they expressly adopt the principles of practice of English chancery not inconsistent with these rules. It cannot be assumed that they were intended to make the practice more difficult and cumbersome, but rather to facilitate and simplify it. Therefore, a practice obtaining in the English chancery not expressly or obviously inconsistent with the rules, and which tends strongly in the direction of abbreviating litigation and relieving the parties and the court from unnecessary proceedings, should be deemed as adopted by the ninetieth rule. This practice is of that nature.

Cases cited in which it appears that the truth of the plea as to the existence of the record has been tried under plea and replication in ordinary course, are of no account, for without question the plaintiff may take that course if he

An order will be entered referring it to a master to ascertain and report as to the truth of the existence of records in any way corresponding with those set forth in the pleas, and directing the master, with his report, to return copies of said alleged records, which shall be produced before him by the defendants, unless, within ten days after entry and notice of this order, the defendants shall file with their pleas, and to be taken as parts thereof, copies of the records set forth or intended to be set forth therein. And, if such copies are filed, then this motion to be denied; and the plaintiff is to have till the next rule day, after the coming of the master's report or notice of such filing, to demur, reply to, or set down for argument the said pleas.