## PHELPS v. ELLIOTT.

*(Circuit Court, S. D. New York. March 31, 1886.)*

1. REMOVAL OF CAUSE—PRACTICE—CASE AT LAW AND EQUITY, HOW TREATED.
   In the courts of the United States the distinction between suits at law and in equity is maintained, and when a suit involving both is removed, then the pleadings must be recast, and the causes of action stated according to the course of procedure on the law and equity sides of the court, respectively, and the causes separated and placed there.

2. EQUITY PRACTICE—STATE PRACTICE—MAKING COMPLAINT MORE DEFINITE.
   The practice under a state code to require a plaintiff to make his complaint more definite and certain does not apply to the equity side of the circuit court, for the state practice is not adopted in equity.

3. SAME—AMENDING BILL.
   In a suit in equity defendant has no right to have the plaintiff amend his bill, nor is it required of him to do so to expose defects, or supposed defects, in his case, on motion of defendant.

4. SAME—COMPELLING PRODUCTION OF RECORD PLEADED IN BILL.
   Where a record in bar to relief is pleaded, the defendant may be required to show it before the plaintiff traverses the plea, or sets it down for argument, but this practice does not extend to the pleading of a judgment or decree of another court in the bill of complaint.

In Equity.

*Joseph Larocque* and *R. D. Harris,* for defendant.

*L. L. Kellogg* and *H. B. Titus,* for plaintiff.

WHEELER, J. This suit was commenced in the superior court of the city and state, of New York, according to the Code of Procedure of the state, by which the distinctions between legal and equitable remedies is understood to be abolished, and was removed into this court on account of the citizenship of the parties. The complaint, according to the supposed requirements of that Code, sets out the whole of the plaintiff's case. The defendant has answered the complaint, and the plaintiff has filed a replication.

The complaint alleges, in substance, that the plaintiff is assignee in bankrupcy of one Augustine R. McDonald, who had a claim against the United States, which was fraudulently procured to be transferred through one White to him, and on which he obtained an award of $197,190 in gold, which he assigned to White; that the plaintiff brought suit in the supreme court of the District of Columbia against McDonald and White to obtain the amount of the award, in which one Riggs, a partner of the defendant in banking business, was made receiver of $107,012.87, avails of the award, which, under order of the court, he invested in bonds of the District of Columbia; that the suit was decided in favor of the defendants by that court, but the decision was reversed on appeal by the supreme court of the United States, and the right of the plaintiff to the avails of the award established, *(Phelps* v. *McDonald,* 99 U. S. 298;) that during the pendency of the suit McDonald fraudulently procured the bonds of

the receiver, and sold and delivered them to the firm of which the defendant and the receiver were members, and who had full knowledge of the plaintiff's right to the bonds. The prayer of the complaint is that the defendant may be declared to have acquired no title to the bonds but in trust for the plaintiff as assignee in bankruptcy of McDonald; and that he account to the plaintiff for the bonds, and be decreed to deliver them to the plaintiff, and for further relief.

The principal defense set up in the answer, which has been amended, is that the decree of the supreme court of the District of Columbia in the suit was that the bill of complaint of the plaintiff therein be dismissed, with costs, and the receiver pay and deliver the funds by him held as receiver to the defendants therein, McDonald and White; that this was done; that "said decree, as to the matters therein ordered, adjudged, and decreed between said receiver and said plaintiff did at all times remain and still remains unreversed, and in full force and effect;" that the receiver filed his account, whereby it appeared that he had delivered the bonds to the defendants after the decree, and that no exceptions have been taken or filed to the account; that $300 of the bonds were payable to bearer, and $152,000 to Riggs, receiver, which were indorsed by him as such in blank before delivery, and that they were bought by the firm as negotiable paper, in the usual course of business, in good faith, without notice of any claim in favor of the plaintiff. The defendant now moves that the plaintiff be required to annex copies of the decree of the supreme court of the United States, and of the record of the suit in the supreme court of the District of Columbia, including the final decree, to his complaint, or that it be referred to a master to ascertain the existence of such records, and report them to be annexed to the complaint, and that thereupon the defendant have leave to withdraw his answer and demur; or that the plaintiff be required to replead, and if advised that his cause of action is or should be on the equity side of the court, to state it distinctly in a bill in equity, and if on the law side, to state it distinctly there. The cause has now been heard on this motion.

Under the Code of Procedure of the state two or more causes of action, whether legal or equitable, or for the recovery of chattels, may, it appears, be united in the same complaint. Sections 484, 1689. In the courts of the United States the distinction between suits at law and in equity is maintained, and when a suit involving both is removed there the pleadings must be recast, and the causes of action stated according to the course of procedure on the law and equity sides of the court, respectively, and the causes separated and placed there. *La Mothe Co.* v. *National Co.*, 15 Blatchf. 432.

It is argued for the defendant, in support of the motion, that this suit embraces a cause of action at law for the recovery of chattels, and also grounds for equitable relief, and that it must be reformed before it can be proceeded with; and that part of the prayer for re-

lief which asks the delivery of the bonds is much relied upon in support of the claim that a cause of action at law is stated. It is not understood, however, that a prayer for such relief as a court of law can give at the end of the statement of a cause of action makes it an action at law, but that the grounds of action should be such as a court of law can proceed upon to judgment. There might be a suit in equity which could result in a decree for the payment of money only, of which a court of law could, without statutory help, take no cognizance to give relief; as, a bill for an account between more than two partners. It is not understood that a court of law, under this Code, can render a judgment for the recovery of chattels as such, except upon a legal title and right of possession. The plaintiff's title and right to these bonds, as stated in the complaint, appear to be purely equitable. Neither the bankrupt before bankruptcy nor he since has ever owned them. The original claim passed to him as assignee. He did not collect it, nor any one for him. He had no right to the avails except to charge whoever had them as a trustee of them for him. In the hands of the receiver they were trust property for whoever should appear eventually to be entitled to them. The bonds were impressed with the same trust. A court of equity could lay hold of the bonds and decree them to the equitable owner. It is a peculiar province of equitable jurisdiction to enforce such trusts. *Abell* v. *Howe*, 43 Vt. 403. The complaint appears to state one cause of action only, and that an equitable and not a legal one. The case does not, therefore, fall within the decision in *La Mothe* v. *National Co.*, 15 Blatchf. 432, nor that in *Hurt* v. *Hollingsworth*, 100 U. S. 100. The complaint is substantially in the form of a bill in equity, except the address and some other merely formal parts. There is therefore no apparent ground for requiring it to be recast, even if a defendant would ever have a right to require a plaintiff in equity to restate his case. The practice, under the Code, to require a plaintiff to make his complaint more definite and certain does not apply to the equity side of this court, for the state practice is not adopted in equity.

It remains to be seen whether, treating this as a suit in equity, the defendant has a right to have the plaintiff amend his bill, or it is proper under the circumstances to require him to amend nis bill, to expose defects, or supposed defects, in his case, on motion of the defendant. No case where such a requirement has been made, or book of practice where such a course has been laid down, has been cited or observed. Where a record in bar to relief is pleaded, the defendant may be required to show it before the plaintiff traverses the plea or sets it down for argument. In that case the whole plea depends upon the record, and what the record is can be definitely and readily shown. *Emma Silver Min. Co.* v. *Emma Silver Min. Co. of N. Y.*, 17 Blatchf. 389; S. C. 1 Fed. Rep. 39. The practice does not appear to have extended elsewhere than to such pleas. At common law a defendant might crave oyer of an obligation declared on

with profert, and set it out, and demur, and the instrument would be treated as a part of the declaration; but there was no oyer of a record accessible to all, (1 Chit. Pl. 415,) and in all such cases the instrument is declared upon as the foundation of the action. Here the record is not understood to be so. The ground of the action, as it is understood, is that the defendant has the avails of the claim for cotton in his hands which in equity belong to the plaintiff. The proceedings are stated with other matters of knowledge, collusion, and fraud, apparently to show how the avails became converted into bonds, and how the bonds came to the defendant's hands; and the reversal of the decree of the supreme court of the District of Columbia to show that the bonds were not finally decreed away from the plaintiff. The complaint shows that the supreme court of the United States declared what the plaintiff's rights to the award were in reversing the decree, but not that the avails of the award, in money collected or as the same was invested in bonds, were ever decreed to the plaintiff. What became of the case after the reversal of the decree is not set forth by either party. The traverse of the answer puts in issue the allegations that the decree, as to matters between the plaintiff and the receiver, remains unreversed, and as to the filing of the receiver's accounts. These are matters relied upon by the defendant as an absolute bar to the right of the plaintiff to relief, so that this part of the defendant's case rests more directly upon the record of the proceedings in the former case than any part of the plaintiff's case. Under these circumstances, it would appear to be more in accordance with the practice to require the defendant than the plaintiff to produce the records, and make them a part of the case. Motion denied.