POTTS *v.* ACCIDENT INS. CO. OF NORTH AMERICA.

*(Circuit Court, N. D. New York. July 18, 1888.)*

COURTS—FEDERAL—FOLLOWING STATE PRACTICE—DISTINCTION BETWEEN ACTIONS AT LAW AND IN EQUITY.

An action removed to and tried in the United States circuit court in a state wherein the distinctions between actions at law and suits in equity are to some extent obliterated, must be governed by the practice of the trial court, and, plaintiff's action being at law founded on fraudulent misrepresentations insufficient to recover on at law, but for which equity would grant relief upon a complaint properly framed, must be determined by the principles of the common law, although in the courts of the state he might have had relief in said action.

At Law. Application for reargument of motion for new trial.

*D. O'Brien*, for plaintiff.

*N. C. Moak*, for defendant.

WALLACE, J. It is undoubtedly true that courts of equity act upon misrepresentations of fact, and sometimes of law, as a ground for annulling contracts, when courts of law would treat the misrepresentation as innoxious. In other words, as stated by Mr. Pomeroy, (2 Pom. Eq. Jur. § 885:) "Whatever would be fraudulent at law will be in equity. But the equitable doctrine goes further, and includes instances of fraudulent misrepresentation which do not exist in the law." But the plaintiff cannot invoke this doctrine in the present case, because the action in which he seeks to avail himself of the misrepresentations of the defendant to avoid the effect of his release is at law, and not in equity If the suit had been tried in the state court, where the distinctions between legal and equitable actions are in some respects obliterated, instead of in this court, where it came by removal, it might perhaps have been treated as an action in equity; but in this court the complaint, as framed, does not present a case of equitable cognizance, (*Buzard* v. *Houston*, 119 U. S. 347, 7 Sup. Ct. Rep. 249,) and, having been tried as a case at law, must be determined by the rules of the common law, and not by the principles of equity. *Montejo* v. *Owen*, 14 Blatchf. 324; *Manufacturing Co.* v. *Tube-Works Co.*, 15 Blatchf. 432. The application for a reargument of the motion for a new trial is denied.