JOHN D. PARK & SONS CO. v. BRUEN et al.

(Circuit Court, S. D. New York. November 11, 1904.)

1. PLEA OF RES JUDICATA—MOTION TO OVERRULE—REFERENCE.

A plea in bar on the ground of former adjudication will not be overruled on motion where the record in the former action is not before the court, unless it clearly appears from the pleadings that the causes of action were not the same, but will be referred to a master in accordance with the usual practice.

¶ 1. See Equity, vol. 19, Cent. Dig. § 410.

On Motion by Complainant to Overrule Plea.

Morris & Fay (Henry T. Fay, of counsel), for complainant.

Robinson, Biddle & Ward, for certain defendants.

HAZEL, District Judge. According to the complainant, there are many essential differences of fact between this action and the action upon which defendants rely to support their plea in bar. The record of the Supreme Court of the state of New York, where the cause is alleged to have been tried, is not before me. The position of the complainant is that the bill and plea, when compared and examined, will show the allegations of the bill and the subject-matter of the former litigation to be essentially different. A superficial examination of the record, however, satisfies me that it would be better that the cause be sent to a master in accordance with the usual practice of the court in such cases. Story, Eq. Pl. §§ 697, 698; Emma Silver Min. Co., Ltd., v. Emma Silver Min. Co. (C. C.) 1 Fed. 39. It is unnecessary to indicate my views of the question whether the adjudication set forth in the plea is identically the same as here or whether the former adjudication is res adjudicata. The suggestion is sufficient that, if the former judgment is to operate as an estoppel here, the record in extenso should be before the court. The motion to overrule the plea for insufficiency is denied, with costs.