CITY OF KNOXVILLE v. SOUTHERN PAVING CONST. CO. et al.

(District Court, E. D. Tennessee, at Knoxville. July 14, 1914.)

No. 8.

1. REMOVAL OF CAUSES ⬤⟿116—JURISDICTION—NATURE OF ACTION.

A federal District Court sitting in equity has no jurisdiction on its equity side of a common-law action removed from a state chancery court, given concurrent jurisdiction with common-law courts of law actions by Acts Tenn. 1877, c. 97.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 246; Dec. Dig. ⬤⟿116.]

2. REMOVAL OF CAUSES ⬤⟿116—FEDERAL COURTS—JURISDICTION.

A federal court on its common-law side has jurisdiction of a common-law action removed from the chancery courts of the state, provided the necessary requirements to establish federal jurisdiction generally are present.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 246; Dec. Dig. ⬤⟿116.]

3. REMOVAL OF CAUSES ⬤⟿108—RELIEF—FEDERAL JURISDICTION—REMAND OR DISMISSAL.

Where the relief sought in a suit is grantable in a state court under a statute enlarging its equitable jurisdiction, but is nevertheless beyond the equitable jurisdiction of the federal court, the case, after removal, should be remanded, instead of being dismissed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 217; Dec. Dig. ⬤⟿108.]

4. REMOVAL OF CAUSES ⬤⟿116—ACTION AT LAW—REMOVAL TO EQUITY SIDE—REMAND—TRANSFER.

Such rule does not apply where the suit is purely a common-law action, and the federal court has complete jurisdiction to give full relief sought on its law side, in which case it should be transferred to the law side of the court, and not dismissed or remanded.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 246; Dec. Dig. ⬤⟿116.]

5. REMOVAL OF CAUSES ⬤⟿116—LEGAL AND EQUITABLE ACTIONS—UNION—SEPARATION AFTER REMOVAL.

Where, in accordance with state practice, a suit unites both legal and equitable causes of action, of each of which the federal court has jurisdiction on its law and equity sides respectively, it should, after removal, be recast into two suits, one on the law and one on the equity side of the court, and there proceeded with, and a motion to remand should be denied.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 246; Dec. Dig. ⬤⟿116.]

Suit by the City of Knoxville against the Southern Paving Construction Company and others. The suit was removed from the State Chancery Court to the United States District Court in equity, and

plaintiff moved to remand to the state court, and defendants moved to transfer to the law side of the District Court. Plaintiff's motion denied, and defendant's motion to transfer granted.

W. T. Kennerly, City Atty., of Knoxville, Tenn., and Maynard & Lee, of Knoxville, Tenn., for plaintiff.

Coleman & Frierson, of Chattanooga, Tenn., for defendants.

SANFORD, District Judge. Clearly, if this suit, which was removed from a Chancery Court of the State, does not involve a dispute or controversy properly within the jurisdiction of this court, it must either be remanded to the State court or dismissed, "as justice may require," pursuant to section 37 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098), superseding section 5 of the Act of March 8, 1875, c. 137, 18 Stat. 472 (Comp. St. 1913, § 1019).

[1] Being a suit to recover damages for breach of contract, it is, concededly, a purely common law action, jurisdiction of which was conferred upon the Chancery Courts of the State, concurrently with the common law courts, by the Tennessee Acts of 1877, c. 97, p. 119.

[2] Clearly this court has no jurisdiction of such a controversy upon its equity side. Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; Mississippi Mills v. Cohn, 150 U. S. 202, 204, 14 Sup. Ct. 75, 37 L. Ed. 1052. It is equally clear, however, that it has jurisdiction of such a controversy upon its common law side, the requisite diversity of citizenship existing and the necessary jurisdictional amount being involved.

Under these circumstances the plaintiff relies upon the statement in Simkins' Fed. Eq. Suit (2d Ed.) 885, 886, that "it seems that when a case is pending in a State equity, which if removed would, by the nature of the case, go on the law side, the court should remand and not require the pleadings to be recast." The cases of Cates v. Allen (U. S.) supra, and Gombert v. Lyon (C. C.) 80 Fed. 305, which are cited in support of this suggestion, do not, however, in my opinion, sustain the view suggested in the text, since in neither of them was the nature of the case such that it could have been transferred to the law side of the court, and the only alternative presented to the Federal Court was that of either remanding the suit or dismissing it entirely.

[3] The true rule deducible from Cates v. Allen (U. S.) supra, and other Federal cases by which it has been followed, is, I think, this: That if the relief sought in the suit is grantable in the State court under a statute enlarging its equitable jurisdiction but is nevertheless beyond the equitable jurisdiction of the Federal Court, the case should, after removal, be remanded to the State court, instead of being dismissed. Cates v. Allen (U. S.) supra; Gombert v. Lyon (C. C.) supra; Mathews Co. v. Mathews (C. C.) 148 Fed. 490; Peters v. Equitable Society (C. C.) 149 Fed. 290. By reason of the equitable nature of the relief sought such controversy would likewise be entirely beyond the common law jurisdiction of the Federal Court, and the result of removing the same to the Federal Court would otherwise be that if not remanded it must be dismissed and the plaintiff thereby entirely deprived of the relief grantable in the State court; and hence, as the

Federal Court is unable to grant such relief upon either its equity or law side, justice clearly requires that the suit, instead of being dismissed, should be remanded to the State court.

[4] Obviously, however, this rule does not apply where the suit is purely a common law action and the Federal Court has complete jurisdiction to give the full relief sought upon its law side. In such case, instead of either dismissing the suit or remanding to the State court, it should clearly be transferred to the law side of the court. Peters v. Equitable Society (C. C.) supra, at page 294. To hold otherwise would permit resident plaintiffs in States such as Tennessee, in which the Chancery Courts have been given concurrent jurisdiction of all civil causes of action triable by the common law courts, except those for injuries to person, property or character involving unliquidated damages, to practically defeat the right of non-resident defendants to remove such suits to the Federal Court by suing such non-resident defendants in such common law actions in the Chancery Court instead of in the common law courts of the State. The true rule upon this subject is well stated by Circuit Judge Lowell, obiter, in Peters v. Equitable Society (C. C.) supra, at page 294, as follows:

"That the Legislature of the State, by extending the equitable jurisdiction of the state courts to matters in which an adequate remedy at law is given to the suitor by the federal courts, cannot thereby deprive the citizen of another state of his right of removal to this court is plain. But, on the other hand, if a state statute gives any suitor a remedy in equity in the state courts better and more complete than that which this court can give him at law, and if, furthermore, the remedy thus given is one which this court cannot enforce in equity, the suitor has the right to carry on his litigation in the state court of equity, undisturbed by removal here."

[5] And so, for like reasons, where, in accordance with the State practice, the suit unites both legal and equitable causes of action, of each of which the Federal Court has jurisdiction, on its law and equity sides, respectively, it should, after its removal into the Federal Court, be recast into two suits, one upon the law and the other upon the equity side of the court and there proceeded with. Hatcher v. Hendrie Co. (8th Circ.) 133 Fed. 267, 68 C. C. A. 19; La Mothe Mfg. Co. v. National Co., 15 Blatchf. 432, 14 Fed. Cas. 1053; Lacroix v. Lyons (C. C.) 27 Fed. 403; 2 Foster's Fed. Pract. (4th Ed.) § 392, p. 1599; Black's Dill. on Remov. § 207, p. 342; Simkins' Fed. Eq. Suit (2d Ed.) 884. And in such case a motion to remand to the State court should be denied. La Mothe Co. v. National Co., supra; Lacroix v. Lyons (C. C.) supra.

I may add that I find nothing in conflict with the conclusion above reached in Thompson v. Railroad Companies, 6 Wall. 134. In that case no question of remanding to the State court was involved or decided by the court, the only question being as to the validity of a decree in a common law action which had been removed from the State court and improperly transferred to the equity side of the court, thereby depriving the defendants of their constitutional right of trial by jury.

An order will accordingly be entered overruling the plaintiff's motion to remand and granting the defendants' motion to transfer this cause to the law side of the court.