KILGORE et al. v. NORMAN et al.

(Circuit Court, S. D. Georgia, E. D. August 7, 1902.)

1. EQUITY JURISDICTION—REMEDY AT LAW—SUIT TO RECOVER LANDS.
   A federal court of equity has jurisdiction of a suit to recover lands, although complainants claim the legal title, where defendants also show a legal title, good upon its face, through deeds executed by an attorney in fact for complainants, but which the latter allege to have been executed in fraud of their rights, as the result of a conspiracy between such attorney and defendants, and the cancellation of such deeds is a part of the relief sought.

2. EQUITY—MULTIFARIOUSNESS OF BILL.
   A bill by the heirs of a husband and wife to recover lands is not multifarious because the title to some of the lands was vested in the husband, to some in the wife, and to some in both, nor because defendants claim through various sources of title.

3. JURISDICTION OF FEDERAL COURTS—BURDEN OF PROOF—EVIDENCE TO OVERCOME JURISDICTIONAL AVERMENTS.
   Where a bill in a federal court contains the necessary averments to give the court jurisdiction on the ground of diversity of citizenship, and

no plea to the jurisdiction is interposed, but the question is raised for the first time on a hearing, the burden of proof rests upon the defendants to disprove such averments; and affidavits of unknown witnesses, who have not been subjected to cross-examination, obtained by a person shown to have resorted to questionable methods, will not be accepted as sufficient against positive testimony in contradiction.

4. INJUNCTION PENDENTE LITE—RESTRAINING TRESPASS BY CUTTING TIMBER.
Where the issues in a suit in equity to recover timber lands are such that they can be properly determined only after a full hearing, but complainant shows an apparently strong case, and it appears that defendants have erected sawmills on the lands, an injunction restraining further trespass by the cutting of timber pending final hearing will not be dissolved unless a sufficient bond is given by defendants to protect complainant's rights.

In Equity. On motion to dissolve preliminary injunction.

John I. Hall and Olin J. Wimberly, for complainants.

Washington Dessau, Nathaniel E. Harris, Joseph Hamsell Merrill, and Matt J. Pearsall, for respondents.

SPEER, District Judge (orally). It has been announced during the argument that the court would take the case under advisement before pronouncing the decision. The hearing has contained so much of detail, and the arguments have been so fully made, that this is not now deemed necessary.

There are certain questions, which have been argued in extenso, about which the court has no difficulty. One is the contention that there is no equity jurisdiction here, because there is a remedy at law. This is not true, in the opinion of the court. The proceeding is, as contended, in part for the recovery of a large number of lots of pine land. It is also true that the complainants rely upon their legal title, having its origin in a grant from the state, with sufficient conveyances and clearly shown inheritable rights, vesting the title in them. It is not true, as contended, that they could have recovered on their title at law, because they would have been confronted with deeds made to the respondents by the agent or attorney in fact of Mrs. Caroline Kilgore, viz., one H. M. Hitt. This man was empowered by Mrs. Kilgore to recover these lands. He was also empowered to dispose of them for her benefit. Thus, upon the face of the papers, the respondents' deeds would at common law afford a complete answer to the complainants' claim of title. It is, however, true that the bill charges that the lands were conveyed in absolute disregard of the complainants' rights, and as a result of a conspiracy between the respondents and this agent, Hitt. This conspiracy is set out in detail, and there is much proof to support the charges. If there was such a fraudulent conspiracy with the agent of complainants, if the respondents were co-conspirators, and if the deeds were made as the result of such conspiracy, it is obviously a case in which the complainants have a right to invoke the powers of a court of equity to avoid and cancel the deeds made in its execution. The complainants could not, in a court of law of the United States, set up such an equitable reply to the apparently legal, though fraudulent, title of the respondents, as would suffice to secure the com-

plainants' rights. It is, however, competent for them to do this upon such a bill as that before the court. Nor is it sufficient to defeat the bill to point out a remedy at law. It must appear that the remedy at law is in all respects as complete as that in equity.

Nor is the bill multifarious. This is a proceeding on the part of the heirs of a husband and wife to recover lands, the title to which was either in the husband or in the wife, or both. There is nothing multifarious in a title devolved through the law of inheritance, when the title is vested in one or the other or both of the parents of the person suing. It is said, however, that the bill is multifarious because the defendants have a multitude of titles from different sources. It, however, cannot, we think, be insisted, because an answer is multifarious, that the bill itself is obnoxious to that objection,—an objection always addressed to the discretion of the court.

It is, moreover, contended that the court has no jurisdiction because the proper diversity of citizenship is not shown. Evidence in the form of affidavits has been produced to show that two of the complainants were residents of this state, and, since they are necessary parties to the bill, it is contended that the relief sought must be denied for want of jurisdiction. Prima facie the court has jurisdiction, because the sworn averments of the bill set out the essential jurisdictional facts. There is evidence to support these averments. No plea of the jurisdiction was filed, and this defense is presented for the first time on this hearing. It seems, therefore, that the burden of proof is on the defendants to show that the averments of diversity of citizenship by the complainants are not true. Does the evidence sustain that burden? I do not think so. It is presented in the form of affidavits, and, of these affidavits, it is uncontradicted that all but one was secured by one of the attorneys for the defendants, a Mr. Shipp, who, according to the undisputed testimony, resorted to questionable methods. Affidavits have been introduced to the effect that, although an attorney for the respondents, he went to one of the complainants, Mrs. Kilgore, gave a fictitious name, sought to win her confidence by stating that he came from the office of Hall & Wimberly, her attorneys, and endeavored to procure from her an affidavit to the effect that she was a citizen of Georgia; giving therefor the fictitious reason that otherwise her land would be sold for taxes. It is obvious that, had this attempt been successful, it would have greatly prejudiced, had it not wholly defeated, her right to proceed in this court. This attorney had ample opportunity to reply to these affidavits, and no reply was given or attempted by him, or by any one of the solicitors for respondents. Now, the court knows nothing of the character of any of the witnesses from whom the affidavits on this point were obtained. There is before us the testimony of the complainant and the testimony of her relatives that she had, in point of fact, in good faith removed to Alabama, and lives there now. The witnesses on whom the respondents rely to defeat jurisdiction on this point have not been subjected to cross-examination, and, under the present state of the case, the court, in view of the character of the affidavits, and the conduct of Mr. Shipp in obtaining them, does not feel justified in deciding that there was not a proper diversity of citizenship. This ques-

tion ought to be determined upon full proof, when the parties have had the right to examine and cross-examine the witnesses to establish the necessary and essential facts. This is, indeed, true with regard to all of the controverted issues in this case. It is not a case upon which the court can express a definite and final opinion upon the issues raised. While the evidence seems to preponderate in favor of the complainants, it is important that full proofs should be submitted. This is particularly true with regard to the issues raised as to the forgeries of the respondents' deeds. A number of deeds under which the defendants claim title are apparently forgeries. Some of these, by the respondents' counsel, are conceded to be forged. These, certainly, are exceedingly suspicious instruments. The bill charges a conspiracy to take possession of these lands, and, as one means of holding them, to rely on forged and fraudulent title deeds. While most of the respondents' deeds, save those executed under the power of attorney, seem to be forgeries, the court thinks that this is a case where the evidence on this important point should be carefully taken, and the witnesses subjected to examination and cross-examination before the examiner. So, too, with regard to the quintuple agreement on the part of five of these respondents. This, on its face, purports to be an explicit understanding between Hitt, the agent of Mrs. Kilgore, and four others, to sell her lands, and to divide the proceeds among themselves. It has been declared to be the germinating center of the alleged fraud complained of. An innocent interpretation has been placed upon this agreement by defendants' counsel. Upon its face, it does not seem to be susceptible of that interpretation; and whether it is so susceptible of such construction, as was insisted, and whether the titles made under it are valid, can only be determined after the proofs are taken and considered.

An injunction has been granted in this case, and, after the complete hearing we have had, the opinion of the court is that the injunction was proper, and must be continued. It is true that there are circumstances in this case which take it out of the ordinary category of applications to enjoin trespass by the cutting of timber. The law on this subject is fully stated in the case of Camp v. Dixon, 112 Ga. 882, 38 S. E. 71, 52 L. R. A. 755. It is, in view of that decision, and the general principles of law which it enunciates, a proper case to restrain a trespass of this character. But it is also true that the complainants claim title to large bodies of land which for a number of years they did not protect. They paid no taxes on these lands, and exercised no control over them; and not until the lands became valuable, owing to the rapid increase of population in that section, did the complainants come forward to establish what seems prima facie to be their legal title to these lands. As one result of this negligence on their part, sawmill men, who are respondents, have obtained control, in one way or another, of these lands. They have built their sawmills, laid down tramroads, making large expenditures, and are proceeding to cut the timber. This being true, it is the duty of a court of equity to conserve as far as possible the rights of all the parties, without unnecessary injury to any. With this view, while continuing the injunction in this case, it will be done under

119 F.—64

conditions which will permit these respondents who are engaged in the sawmill or turpentine business to give bond, with good security, in sufficient amount to compensate complainants for any damages to them, which may be ascertained and determined by the final decree. On the execution of this bond the injunction will be set aside, and the respondents may go forward with their business. This seems to be an equitable exercise of the discretion of the court. The values in controversy must be ascertained, in order to determine what the amount of that bond shall be. If this can be agreed upon between counsel, the court will fix the bond in accordance with the sum agreed to. If it cannot be agreed upon, evidence must be taken to ascertain the values in dispute, so that the bond may be fixed at the proper amount. Until this is done, the injunction must be continued as of force at present.