TWIST ET AL. *v.* PRAIRIE OIL & GAS COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

Nos. 301, 302. Argued April 28, 29, 1927.—Decided June 6, 1927.

1. When a suit, begun in a state court, on a cause of action at law joined with one for equitable relief concerning the same subject

matter, is treated after removal as a suit in equity, results in an equitable decree, and is appealed by both parties as equitable, it is reviewable as such, upon the assignments of error, and the statutory rule limiting the scope of review in jury-waived cases at law is not applicable. P. 688.

2. It is error to treat such a suit in the appellate court as one at law and affirm the decree without considering the assignments of error. P. 692.

3. The objection that the suit is not within the equity jurisdiction, whether taken in the trial court or the appellate court, does not go to the power of the court as a federal court. P. 690.

4. While ordinarily one out of possession may not bring in a federal court a bill to quiet title, against one in possession, because there is a full, adequate and complete remedy at law and the defendant is entitled to a jury trial, the suit is nevertheless within the jurisdiction—i. e., the power—of the federal court sitting in equity, and the objection of lack of equity jurisdiction may be waived. P. 691.

2 F. (2d) 347, 349, reversed.

Certiorari (270 U. S. 639, 640) to review decrees of the Circuit Court of Appeals, affirming decrees of the District Court in suits brought by Twist et al., to assert their interest in land covered by oil and gas leases held by the respondent Oil Company.

Mr. Paul Pinson, with whom Messrs. James S. Watson and Daniel H. Linebaugh were on the brief, for petitioners.

Mr. Preston C. West, with whom Messrs. Thomas J. Flannelly and A. A. Davidson were on the brief, for respondent.

Mr. Justice Brandeis delivered the opinion of the Court.

These cases are here on writ of certiorari to the United States Circuit Court of Appeals for the Eighth Circuit. 270 U. S. 639, 640. That court had before it for review, on appeal and cross appeal, a final decree in equity of

the District Court for eastern Oklahoma. The case had been heard by the trial court on the evidence as a suit in equity; and had been treated as such in both courts by both parties. The Court of Appeals concluded that the trial court did not have jurisdiction in equity; ruled, of its own motion, that the case must be deemed to have been tried below as one at law on an oral waiver of jury; and that, since there had been no waiver filed with the clerk as provided in § 649 of the Revised Statutes and no bill of exceptions or special findings of fact as provided in § 700, the appellate court could not consider the errors assigned by the parties. It, therefore, affirmed the judgment on the pleadings. 6 F. (2d) 347, 349. Whether the Court of Appeals erred in so ruling is the only question requiring decision.[1]

In 1917 the Prairie Oil and Gas Company acquired by assignment an oil and gas lease, together with an extension thereof, and entered into possession of the land covered thereby. The lessor was William G. Twist, a citizen of the Cherokee Nation to whom the land had been allotted. After Twist's death and the expiration of the original lease, his children brought this suit in a state court of Oklahoma seeking relief on the ground that the extension was invalid because of fraud and also because certain statutory requirements had not been observed. Two causes of action were therein set forth. In one, damages were sought as for an alleged trespass. In the other, it was charged that the purported extension of the lease constitutes a cloud upon plaintiff's title; and the plaintiffs prayed for a declaration as to the ownership, for cancellation of the extension, for quieting of plaintiffs' title, and for an injunction against further trespass

---

[1] In No. 302 four cases, each concerning a different lease, were consolidated. The facts stated in the opinion are those of one of these. The same question is presented in No. 301 concerning a fifth lease.

or claim by defendant. Such joinder in a single suit of a cause of action at law with one in equity is permissible under the Oklahoma statute; and under the state law a suit to quiet title may apparently be brought by one out of possession against one in possession. Compiled Oklahoma Statutes, 1921, c. 3, Art. XIV.

The Company, the defendant below, removed the case to the federal court for eastern Oklahoma on the ground of diversity of citizenship. In the federal court the joinder of an action at law with one in equity is not allowable. *Hurt* v. *Hollingsworth,* 100 U. S. 100; *Cherokee Nation* v. *Southern Kansas Ry. Co.,* 135 U. S. 641, 651. Unless the first cause of action stated in the bill could have been construed as asking an accounting incidental to the equitable relief asked, the pleading should have been recast so as to separate the action at law from the suit in equity and each case should have proceeded separately according to its nature. Compare *Hatcher* v. *Hendrie & Bolthoff Mfg. & Supply Co.,* 133 Fed. 267, 271; *Knoxville* v. *Southern Paving Co.,* 220 Fed. 236, 238. Neither party sought to have this done. The defendant caused the case to be docketed as a case in equity; and filed a single answer to both causes of action. Therein, it objected that the petition did not state facts sufficient in law or in equity, to entitle the plaintiff to the relief prayed for, or to any relief; and then, taking up the several allegations of the petition, admitted some, denied others, and set up new matter. The answer prays that the petition be dismissed for want of equity; but also asks affirmative relief. It prays " that the court, by its decree, declare and determine that the defendant's title to said oil and gas lease, as modified and extended, is good, valid and subsisting as against the claim of the plaintiff, and that its title thereto be quieted as against said claims." A reply to the new matter was filed by plaintiffs.

The proceedings on the appeals were throughout those customary in an equity cause. The records were full and complete. They include, among other things, all of the evidence. The decree declared that the defendant is the owner of the extended oil and gas lease covering eleven-fifteenths interest in the described lands; that two of the plaintiffs are the owners of the remaining four-fifteenths interest; that these two plaintiffs recover four-fifteenths " of the net proceeds of the oil and gas produced from said land from September 29, 1919 to April 1, 1923 " (the amount of which was agreed upon); and that " the amount produced since April 1st, 1923 [be] reserved for further consideration." Both the plaintiffs and the defendant appealed to the Circuit Court of Appeals. Neither party assigned as error that there was lack of jurisdiction in equity or a lack of equity. The errors assigned disclosed claims that the District Court erred in admitting evidence; in excluding evidence; in refusing to set aside the extension; in making certain findings; in making certain rulings; in decreeing that the defendant was the owner of the eleven-fifteenths interest in the extended lease; in decreeing that two of the plaintiffs were the owners of four-fifteenths; in concluding that the extension of the lease held by the defendant constituted a cloud upon the title of these two and in decreeing the removal of that cloud; in concluding that they were entitled to two-fifteenths of the net proceeds and in ordering payment of the agreed amount.

The Court of Appeals held that it was without power to review the case as upon an appeal from an equity cause, or to consider any of the errors assigned. Because in its opinion there was a plain, adequate and complete remedy at law, it held that the case must be deemed to have been tried in the District Court as an action at law without a jury. And it applied the rule, that where an action at law is tried without a jury and there has been

no waiver of the jury in the manner prescribed by the statute and no special findings or bill of exceptions, the appellate court is without power to review any question except those which arise on the process, pleadings or judgment. See *Law* v. *United States,* 266 U. S. 494; *United States* v. *Archibald McNeil & Sons,* 267 U. S. 302; *Fleischmann Construction Co.* v. *United States,* 270 U. S. 349, 356; *Cleveland* v. *Walsh Construction Co.,* 279 Fed. 57. ·The statutory rule limiting the scope of review by an appellate court in jury-waived cases was not applicable to the case at bar. This is not an action at law.

In federal courts, as in others, a plaintiff has a right to choose whether he will seek to enforce a legal or an equitable cause of action and whether he will seek legal or equitable relief. He makes his election and proceeds at law or in equity at his peril. See *Perego* v. *Dodge,* 163 U. S. 160, 164. Formerly, if a plaintiff in a federal court sued in equity and the objection that there was a plain, adequate and complete remedy at law was sustained, the bill was necessarily dismissed.·· *Curriden* v. *Middleton,* 232 U. S. 633. And ordinarily the dismissal was required to be without prejudice to an action at law, *Horsburg* v. *Baker,* 1 Pet. 232, 237; *Thompson* v. *Railroad Companies,* 6 Wall. 134, 139; *Van Norden* v. *Morton,* 99 U. S. 378, 382; *Rogers* v. *Durant,* 106 U. S. 644; *Scott* v. *Neely,* 140 U. S. 106, 117; *Lacassagne* v. *Chapuis,* 144 U. S. 119, 126; though possibly such precaution was unnecessary. *Ash Sheep Co.* v. *United States,* 252 U. S. 159, 170.· Now, under the Act of March 3, 1915, c. 90, § 274 a, 38 Stat. 956 and Equity Rules 22 and 23, if the suit was improperly brought in equity, either the trial court or the appellate court may transfer the case to the law side. Compare· *Liberty Oil Co.* v. *Condon Bank,* 260 U. S. 235, 241-243; *Pierce* v. *National Bank of Commerce,* 268 Fed. 487, 489; *Equitable Trust Co.* v. *Denver & Rio Grande R. R. Co.,* 250 Fed. 327, 340. The practice is the same in suits re-

moved from a state court, except that the suit is remanded to the state court where the equitable relief sought, although beyond the equitable jurisdiction of the federal court, may be granted by the state court. Compare *Cates v. Allen,* 149 U. S. 451; *Knoxville v. Southern Paving Co.,* 220 Fed. 236, 237.

The parties cannot, of course, compel the trial court to hear in equity a suit which seeks a legal remedy for a legal cause of action. *Lewis v. Cocks,* 23 Wall. 446. Nor can the task of reviewing such a case as if it were actually an equity cause be imposed upon the appellate court through consent of the parties. See *Elkhart Carriage & Motor Car Co. v. Partin,* 9 F. (2d) 393. Either the trial court or the appellate may, of its own motion, take the objection that the case is not within the equity jurisdiction. Compare *Reynes v. Dumont,* 130 U. S. 354, 395. But that objection, whether taken in the trial court or in the appellate court, does not go to the power of the court as a federal court.

The decree in the case at bar rests upon the second cause of action set forth in the bill and the answer thereto. We must disregard, as the lower court and the parties did, the first cause of action. The features of the second cause of action are all those of a bill to remove a cloud and to quiet title. The bill prays for a declaration of the rights of the respective parties; for the cancellation of an agreement; for an injunction against the assertion of certain rights; and for general relief. The answer embodied what is in effect a cross-bill. The relief sought by the bill and the cross-bill is of a character within the recognized sphere of federal equity jurisdiction. See *United States v. Wilson,* 118 U. S. 86. The recovery, as upon an accounting, of the agreed amount of the net profits was a normal incident of such a bill.

*Clarke* v. *White,* 12 Pet. 178, 187–188; *Southern Pacific Co.* v. *United States,* 200 U. S. 341. Compare *The Salton Sea Cases,* 172 Fed. 792, 799–802; *Chicago, M. & St. P. Ry. Co.* v. *United States,* 218 Fed. 288, 301–302. It may be that the bill was fatally defective. But the proceeding was unmistakably a suit in equity. The plaintiffs attempted to state a cause of action cognizable by a court of equity. They sought equitable relief.

It is true that ordinarily one out of possession may not bring in a federal court a bill to quiet title, against one in possession, because there is a full, adequate and complete remedy at law and the defendant is entitled to a jury trial. See *Whitehead* v. *Shattuck,* 138 U. S. 146; *Black* v. *Jackson,* 177 U. S. 349, 363–364; *Lancaster* v. *Kathleen Oil Co.,* 241 U. S. 551, 555. But the suit is of a class within the jurisdiction—that is the power—of a federal court sitting in equity. There are cases in the federal courts in which suits in equity to quiet title brought by one out of possession against one in possession have been entertained, because of the special facts, or because of the particular relief sought, or because the defendant waived the objection of lack of equity jurisdiction. *Simmons Creek Coal Co.* v. *Doran,* 142 U. S. 417; *Schroeder* v. *Young,* 161 U. S. 334, 345. Compare *Stewart* v. *Masterson,* 131 U. S. 151; *Duignan* v. *United States, ante,* p. 195; *Jones* v. *Prairie Oil & Gas Co.,* 273 U. S. 195; *Kilgore* v. *Norman,* 119 Fed. 1006, aff'd 120 Fed. 1020; *Big Six Co.* v. *Mitchell,* 138 Fed. 279; *Continental Trust Co.* v. *Tallassee, etc. Co.,* 222 Fed. 694, 702. Such waiver is possible, because the objection that the bill does not make a case within the equity jurisdiction of a federal court goes not to the power of the court as a federal court, but to the merits. *Blythe* v. *Hinckley,* 173 U. S. 501; *Pusey & Jones Co.* v. *Hanssen,* 261 U. S. 491,

500. Compare *Burnrite Coal Briquette Co.* v. *Riggs, ante,* p. 208; *Duignan* v. *United States, supra.*

The Court of Appeals, being of opinion that the plaintiffs had not established a right to relief in equity, because there was a plain, adequate and complete remedy at law, might, on the undisputed facts, have reversed the decree on that ground without considering the specific errors assigned; and, rightly or wrongly, it might have ordered the bill dismissed without prejudice to the remedy at law; or might conceivably have ordered the case transferred to the law docket; or might have considered the case on the merits as on an equity appeal, in the view that at such stage of the proceedings it was desirable to hold that the objection to the equity jurisdiction had been waived. Compare *Southern Pacific Co.* v. *United States,* 200 U. S. 341. But it could not, while refusing to consider the errors assigned, retain the case and adjudicate the merits. This it did when it affirmed the decree. It was error to declare that this proceeding, which is a bill in equity in its nature as well as in its form, and which seeks relief that only a court of equity can give, *Lancaster* v. *Kathleen Oil Co.,* 241 U. S. 551, 555, shall be deemed an action at law, because the only remedy open to the plaintiffs was at law. Compare *Spring Garden Insurance Co.* v. *Amusement Syndicate Co.,* 178 Fed. 519, 530. The suit at bar is not like *Elkhart Carriage & Motor Car Co.* v. *Partin,* 9 F. (2d) 393, an action at law masquerading as a suit in equity.

Because the Court of Appeals should have considered the errors assigned as in an equity cause but did not, we reverse its judgment and remand the case to it for further proceedings in accordance with this opinion. See *Liberty Oil Co.* v. *Condon National Bank,* 260 U. S. 235, 245.

*Reversed.*