**GREAT AMERICAN INS. CO. v. JOHNSON et al.**

Circuit Court of Appeals, Fourth Circuit.
June 12, 1928.

No. 2677.

1. **Appeal and error** ⟂1035—**Where equity suit is erroneously tried at law, error may be treated as harmless; but new trial is necessary, if law action is erroneously tried in equity.**

Where a suit in equity is erroneously tried at law, the court, if satisfied that proper result was reached, may treat the error as harmless; but, where action at law is erroneously tried in equity, court must send case back for new trial, because of constitutional guaranty of trial by jury.

2. **Courts** ⟂352(2)—**Objection to trial of equity suit on law side must be taken by motion to transfer to equity side, not by demurrer.**

Objection to trial of suit in equity on law side of court must be taken by motion to transfer case to equity side, and not by demurrer.

3. **Appeal and error** ⟂1035—**Parties given opportunity must develop case, and not rely on technical mistake of trial court in treating equity case as one at law, where such procedure is harmless.**

Where parties are given a full and fair opportunity to develop their case, they should proceed to develop it, and not sit back and take chances on the trial court having made some technical mistake, such as considering the case one at law, instead of in equity, where such procedure is harmless, and in such case a new trial on ground of such error will be denied.

4. **Appeal and error** ⟂1026—**In applying harmless error doctrine, courts must act on record, and cannot speculate.**

In applying the doctrine of harmless error, courts cannot speculate as to what the parties might or might not have done, if the error had not occurred, but must judge as to whether it was harmful by the record before them.

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

On petition for rehearing. Former opinion adhered to, and petition denied.

For former opinion, see 25 F.(2d) 847.

James M. Guiher, of Clarksburg, W. Va. (Steptoe, Maxwell & Johnson, of Clarksburg, W. Va., on the brief), for plaintiff in error.

W. T. George, of Philippi, W. Va., for defendants in error.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

PARKER, Circuit Judge. We have carefully considered the petition for rehearing, and we think that it presents no point not already fully considered by the court, and that it should be denied. Because of the earnestness of the able and diligent counsel representing plaintiff in error, however, we shall notice the points made in the petition. These are (1) that the case is governed by Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297; (2) that timely objection was made to the trial of the case on the law side of the court; and (3) that, relying upon the error in procedure, the plaintiff in error introduced no evidence.

[1] The case of Twist v. Prairie Oil Co. is not in point. In that case the Circuit Court of Appeals refused to consider the assignments of error on an appeal in equity on the ground that the case was in reality one at law, and that by hearing it in equity the parties were in the same position as if they had waived a jury trial, without complying with section 649 of the Revised Statutes (28 USCA § 773), and that consequently the court was without power to review any question, except those raised by the process, pleadings, or judgment. The Supreme Court reversed this decision, holding that the court could not, while refusing to consider the errors assigned, retain the cause and adjudicate the merits. That case has no bearing here, where the only question is whether a case should be reversed and sent back for a new trial, because tried at law instead of in equity, and where we are satisfied upon the record that the court reached at law the result which it should have reached in equity. In this case we are hearing the case fully and are pronouncing the error of the court below to be harmless. In the Twist Case the Circuit Court of Appeals was holding that, because the parties had tried an action at law in equity, they were bound by the findings of fact, just as though they had tried it at law and had orally waived a jury trial. Where an action at law is erroneously tried in equity, very different questions are raised upon appeal from those which arise where a suit in equity is erroneously tried at law. In the latter case the court, if satisfied that the proper result was reached, may treat the error as harmless. In the former, it must send the case back for a new trial, because of the constitutional guaranty of trial by jury.

[2] We are not impressed with the point that plaintiff in error made timely objection to the trial of the case on the law side of the court. As a matter of fact, what it did was to file a demurrer, whereas the proper procedure was to move to transfer the case

to the equity side. 28 USCA 397; Rose's Federal Jurisdiction and Procedure (3d Ed.) 454. The demurrer was properly overruled. The case should have been transferred to the equity side of the docket for trial, but plaintiff in error did not move that it be transferred, and, as stated in the original opinion, we think that the error in trying it at law was harmless.

[3, 4] Nor are we impressed with the contention that, relying upon the error in procedure, plaintiff in error introduced no testimony. In the first place, parties have no right to place such reliance in error of procedure. Where they are given a full and fair opportunity to develop their case, they should proceed to develop it, and not sit back and take chances on the trial court having made some technical mistake. We say technical, because the error of considering the case one at law, instead of in equity, had as a matter of fact little practical significance. If it had been tried in equity, the judge, if he had seen fit, might have had the issues of fact determined by a jury. And even though it was heard at law, he might have set aside the verdict, if he had thought it contrary to the weight of the evidence or otherwise inequitable. Under such circumstances, a party who has failed to put in his case where given an opportunity to do so, relying upon a mistake in procedure, should not be granted a new trial, where it appears that upon the case as made in the record the mistake in procedure was harmless. In applying the doctrine of harmless error, courts cannot speculate as to what the parties might or might not have done, if the error had not occurred, but must judge as to whether it was harmful or not by the record before them.

In the second place, we are satisfied from the record that the case was fully developed, and the parties have not suggested any testimony which they failed to introduce, which would have changed the result before a jury or in the mind of a court. On the contrary, as appears from the record, the plaintiff, who applied for the insurance, and the agent of the insurance company, and the employee of the garage company, who gave the erroneous information to the agent, were fully examined as to the alleged mistake. We agree with the statement of defendant's counsel "that the right of the defendants in error to a reformation of the policy must depend almost entirely upon what was said between Johnson [plaintiff] and Miss Switzer [the agent]." Johnson testified fully and circumstantially as to the conversation with Miss Switzer. It appears that he was fully cross-examined as to surrounding circumstances, although not as to the conversation itself. Miss Switzer testified fully as to the conversation and was cross-examined with regard to it. The case was submitted to the jury on the issue as to mistake, and was argued by counsel, we assume on that issue, as it seems to have been practically the only issue involved. In this court eight pages of the printed brief were devoted to an attempt to show that upon the testimony there was no such mistake shown as would justify relief. We think, therefore, that the insurance company has not only had an opportunity to present its case, but has presented it; and we see no reason for the delay which would result in sending the case back for a new trial.

Petition denied.