### In re JORDAN.

### JORDAN et al. v. GIRAND.

No. 6703.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1933.

Tom Garrard, of Lubbock, Tex., for appellants.

Maurice E. Purnell and J. P. Dreibelbis, both of Dallas, Tex., and H. G. Andrews, of Stamford, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment canceling and setting aside certain transfers of real estate made by a bankrupt prior to his adjudication and canceling certain vendor's lien notes bearing on the property. The decree was entered on a bill filed by the trustee in substance alleging that the various defendants, appellants herein, had conspired with the bankrupt to hinder, delay, and defraud his creditors and that the transactions were without consideration or for very inadequate consideration. All of the assignments of error run to the entering of the judgment, which is alleged to be erroneous on various grounds, not necessary to discuss.

■ It appears that A. W. Jordan was adjudicated bankrupt on September 30, 1931. He listed debts exceeding $3,000 and no assets at all except a tract of land which was set aside to him as his homestead. Prior to bankruptcy, he owed ordinary debts exceeding $3,000 that had been reduced to judgments on which executions were returned nulla bona. A year prior to bankruptcy, he owned three other tracts of land in addition to his homestead in Dickens and Kent counties, Tex., one containing approximately 334 acres, and the other two 167 acres each. On November 6, 1930, he sold and conveyed the tract of 334 acres to his father, J. A. Jordan, ostensibly for $4,378 in cash and three vendor's lien notes, each for $1,875. On November 24, he sold and conveyed the other two tracts to his nephew, R. E. Jones. One tract was ostensibly sold for $2,500 in cash, subject to a mortgage of $3,000 and the other ostensibly for $3,000 cash, subject to a mortgage of $2,500. Four days prior thereto, November 20, 1930, he had also sold and conveyed the three vendor's lien notes arising from the transaction with his father to the same Jones, ostensibly for $5,655 cash. On February 23, 1931, J. A. Jordan, the father, sold the 334 acres acquired from the bankrupt to A. L. McClanahan and wife, the son-in-law and daughter of the bankrupt. This transaction was ostensibly for $1,500 cash, four notes each of $2,000, and one note of $2,205.40. Two days later, February 25, 1931, J. A. Jordan, the father, transferred three of the McClanahan notes to Jones, the nephew, ostensibly for $6,000 and the same day Jones executed a release of the other note he held as fully paid. J. A. Jordan, the father, was a man of 80 years of age, and his testimony was not taken. A. W. Jordan, the bankrupt, testified that in the transactions with his father he received a check for $1,998 and he was returned a note he owed his father for $2,370; that he deposited the check with the Spur National Bank and checked it out before bankruptcy. The bank's statement substantiates his testimony as to the deposit of the check and the withdrawal of the money. With regard to his transaction with Jones, he stated that he received currency, and attempted to describe the bills, in the denominations of $100, $50, and $20, etc. He testified Jones had this money in cash in a tin box at his home; that, when he had paid the bankrupt, the box was empty, so he also gave him the box. Jones is a farmer. He testified that he got the money as a gift from his father; that his father drove up to his farm one night and called him out to his automobile, stated he had made a raise, wanted to do something for him, and gave him about $10,000 in currency; that he did not deposit the money, but kept it in a tin box at his home. Jones had a bank account. Other testimony showed that, while he was pretending to have this $10,000 in his possession, he made small loans from his bank, did not pay off obligations, and executed a financial statement in which he made no mention of the money nor of his recently acquired property. McClanahan, the son-in-law, is employed as a clerk in a grocery at a salary of from $100 to $150 a month. He testified he got his money by saving it out of his salary at the rate of about $87 a month. After these transactions, the bankrupt remained in possession of the property that had ostensibly been transferred.

The testimony of all these witnesses was taken before the District Court. In a brief opinion[1] he stated he did not believe the witnesses and entered a decree setting aside the various transactions and canceling the resulting notes, but allowing a lien in favor of J. A. Jordan for the amount of the check he had given his son, approximately $1,998. We agree with the conclusions of the District Court, who saw and heard the witnesses.

■■ It is urged in argument that the District Court was without jurisdiction to entertain the suit in equity. No objection to the form of the action was made in the District Court. On the contrary, on the sustaining of motions to strike the very inade-

---

[1] Orally.

536

quate answers of all the parties to the bill, they acquiesced in the ruling of the court granting the motions and allowing them to amend and filed answers in proper form according to the equity rules.

The trustee was vested with title to the property of the bankrupt transferred in fraud of his creditors by operation of the law. Bankruptcy Act § 70a (4), 11 USCA § 110(a) (4). While the trustee was not in actual possession and outstanding deeds showed the legal title to be in third persons, neither were they in possession. Cancellation of the deeds and the outstanding lien notes was sought. The action therefore was in the nature of a bill to quiet title and also to remove a cloud from title, requiring extrinsic evidence to sustain it. It is fundamental that equity has jurisdiction of such suits. The trustee was authorized to maintain the suit. Bankruptcy Act, § 70e, 11 USCA § 110(e). If there was any irregularity in the procedure, that was waived by filing answer without any request to transfer the case to the law side of the court. Twist v. Prairie Oil Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297; Reynes v. Dumont, 130 U. S. 354, 9 S. Ct. 486, 32 L. Ed. 934. The case of Adams v. Jones (C. C. A.) 11 F.(2d) 759, relied on by appellant, is not in point. There a motion to transfer to the law side was seasonably made and overruled, and the action was merely to recover a sum of money alleged to have been paid as a preference. Other cases cited by appellee are also without application, and it is unnecessary to review them.

The record presents no reversible error.

Affirmed.