**STRICKER LAND & TIMBER CO., Inc., v. HOGUE et al.**

No. 2486.

District Court, W. D. Louisiana, Monroe Division.

March 14, 1934.

on said property, said mules being put within the wire fence enclosing said property erected and maintained thereon by petitioner, and (3) by trespassing upon said property and mooring and landing thereon at the water's edge thereof a boat, wherein said defendants have stationed and maintained one of their employees for the purpose of disturbing petitioner's possession of said property."

Plaintiff further alleged that the said possession was "of the value of Twenty-Five Hundred Dollars." The prayer was that a curator ad hoc be appointed for the defendants, nonresidents, upon whom service should be made, and that it have judgment against the said defendants "decreeing that petitioner is and has been for more than one year before May 30, 1933, in the real, actual, corporal, quiet and uninterrupted possession of the property * * *." Further, that defendants be ordered to show cause why a temporary injunction should not issue, enjoining them, their agents, employees, and servants, "from in any manner disturbing possession of the property hereinbefore described," and on trial that the writ be perpetuated.

The state court appointed R. D. Calhoun "attorney to represent the absentee defendants in this suit," and ordered them to show cause on the 28th day of June, 1933, why a temporary injunction should not issue. Citations were issued to defendants as nonresidents and service made upon said Calhoun "curator ad hoc" appointed to represent them.

On the return day of the rule, defendants filed in the state court a petition to remove the proceeding to this court, in which it was alleged that the matter in dispute "exceeds the sum and value of $3,000, exclusive of interest and costs * * *;" that the "title to all of the land described in plaintiff's petition is involved in the controversy between it and these petitioners, which title is of a value not less than $20,000." Further, that if the title be not involved "the value of the right of possession of said lands and the privileges and advantages incident thereto, are far in excess of the sum of $3,000 * * *." This petition was verified by the oath of the defendants and the cause was ordered removed by the state court.

After removal and on July 29, 1933, plaintiff renewed its application for a preliminary injunction, and further alleged that since the filing of this suit in the state court and on June 11, 1933, one of the defendants, Mrs. Angeline E. Hogue, had caused

Paul G. Borron, of Baton Rouge, La., A. H. Jones, of Woodville, Miss., and Hugh Tullis, of Vidalia, La., for plaintiff.

Engle & Laub and Kennedy & Geinsberger, all of Natchez, Miss., R. D. Calhoun, of Vidalia, La., and Sholars & Gunby, of Monroe, La., for defendants.

DAWKINS, District Judge.

This suit was originally filed in the Seventh district court for Concordia parish, La., on June 21, 1933, in the form of what is known to the Louisiana law as a "possessory action." The petition alleged that plaintiff had been "since the 21st day of January, 1931, in the real and actual possession, as the owner thereof," of certain described lands; and that on May 30, 1933, the defendants Angeline Hogue and William B. Hogue (wife and husband) had conspired to disturb plaintiff's possession and "did disturb the same by (1) causing to be erected on said property signs setting out that the said property belonged to Angeline Hogue, and by trespassing on said property by entering same for the purpose of erecting said signs, (2) by trespassing and entering upon said property and placing thereon a lot of mules for the purpose of pasturing the same

a tent to be erected on the premises, and one W. T. Perkins to occupy the same, and who "is now occupying said tent as the agent of said Mrs. Hogue," thereby further trespassing upon and disturbing the possession of petitioner of said lands. The prayer was for a rule upon the absent defendants and said Perkins, to show cause why a preliminary injunction should not be issued. The rule was granted against both of the defendants, as well as Perkins, and on August 12, 1933, the matter was heard. At the hearing defendants Hogue filed the following pleas:

1. A plea to the venue on the ground that the defendants were residents of the state of Mississippi and both the state court and this court were without jurisdiction;

2. An exception of misjoinder of actions and motion to strike in that plaintiff had combined an action at law "for the recognition and maintenance of possession" of the property with "a demand for an injunction, which is cognizable in a proceeding in equity";

3. That the petition was without equity because it did not allege irreparable injury or that plaintiff was without adequate remedy at law; and

4. An exception of no right or cause of action.

For return to the rule, Hogue and his wife denied that plaintiff was the owner of or was in possession of the lands in question, and alleged that the same were improperly described in the petition. Defendants further averred that they had been in possession of the lands since October 30, 1929, through an agent, one B. R. Sharp; that on September 28, 1931, the said property was placed in the hands of a receiver appointed by the chancery court for Adams county, Miss., which order had been continued in effect upon the removal of said cause to the United States District Court for the Southern District of Mississippi, and said receiver had been in actual possession of the premises since his appointment; that the cause in the Mississippi courts had been decided adversely to defendants, but an appeal to the Court of Appeals for the Fifth Circuit of the United States had been perfected with supersedeas, which was still pending; that on October 31, 1931, the plaintiff, Stricker Land & Timber Company, Inc., had been enjoined from interfering in any wise with the possession of said receiver; that any acts of possession by plaintiff since that date, without the permission of the court, had been in violation of said order and in contempt of

the court issuing it; and that plaintiff could not "allege his own wrongdoing as a basis of its demand for equitable relief herein." Defendants denied that the lands were in Concordia parish, La., and averred that they were situated in Adams county, Miss. They prayed that the demand for the preliminary injunction be denied.

The exceptions were argued and submitted and affidavits were filed by both sides on the merits of the application for a preliminary injunction and all matters taken under advisement without prejudice to the issues raised by the special pleas. A decision of the case was delayed for the reason that if the Court of Appeals for the Fifth Circuit should decide that the lands in dispute were in Mississippi and reverse the lower court, then this court would be wholly without jurisdiction. On February 20, 1934, the judgment of Judge Holmes (D. C.) 2 F. Supp. 905, was affirmed and it appears to now be settled that the lands are in this district. Hogue et ux. v. Stricker Land & Timber Co., 69 F.(2d) 167.

■ 1. I am of the opinion that if the plaintiff can establish the character of possession required by the Louisiana Code of Practice for more than one year prior to the filing of its suit and that the disturbance complained of was within the year preceding, then the nature of the rights which it enjoyed were such as to amount to a claim to or in real property in this district, which would entitle it to maintain the character of action provided by the Louisiana law, and to permit service against the nonresidents according to the provisions of section 57 of the Judicial Code (28 USCA § 118). I quote pertinent articles of the state Code of Practice, as follows:

"46. The possessory action, which is a branch of real actions, may be brought by any possessor of a real estate, or of a real right, who is disturbed either in the possession of the estate or in the enjoyment of the right, against him who causes the disturbance, in order to be maintained in, or restored to the possession, whether he has been evicted or disturbed; provided his possession be accompanied by the qualifications hereafter required.

"47. The possessors entitled to bring these actions are those who possess as owners.

"Persons entitled to the usufruct or to the use of a real estate, and others having real rights growing from such real estate, may also bring their action, when disturbed in the enjoyment of their rights. * * *

"49. Essential elements of possessory action.—In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be entitled to bring a possessory action, it is required:

"1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient;

"2. That he should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud;

"3. That he should have suffered a real disturbance either in fact or in law;

"4. That he should have brought his suit, at the latest, within the year in which the disturbance took place. * * *

"50. The disturbance which gives rise to the possessory action may be of two kinds; disturbance in fact, or disturbance in law.

"51. Disturbance in fact occurs when one, by any act, prevents the possessor of a real estate, or of a right growing from such an estate, from enjoying the same quietly, or throws any obstacle in the way of that enjoyment, or evicts him through violence, or otherwise.

"52. Disturbance in law takes place when one, pretending to be the possessor of a real estate, says that he is disturbed by the real possessor, and brings against the latter the possessory action; for in such a case the true possessor is disturbed by this action, and may also bring a possessory action, in order to be quieted in his possession.

"But in no case shall the mere demand in revendication of a real estate, or of a real right, be considered as a disturbance in the enjoyment of a possessor, and entitle him to bring a possessory action."

One who has the possession described and protected by these provisions may maintain against another, including him who really owns the legal title, an action in damages for trespass and to quiet such possession, and any judgment recovered must first be satisfied before the defendant can maintain a suit to test the ownership. Loper v. White, 1 La. App. 695. The defendant in a possessory action cannot set up title without the consent of the plaintiff. Oil Co. v. Oil Syndicate, 115 La. 107, 38 So. 932. The result is that one who has possessed according to the provisions of the Code of Practice enjoys all of the benefits of an owner of the fee until the claimant of the title brings his petitory action and has himself adjudged the lawful owner. It would, therefore, seem illogical and unreasonable to say that a party vested with such rights in the property could not avail himself of the remedies provided by section 57 of the Judicial Code, as a claimant, when the same section accords that right to another asserting merely a lien upon it. Of course, it is impossible for the defendants to physically disturb the possession of the plaintiff in the manner contemplated by the Code of Practice, without themselves or through agents coming into this district and state; and it would be unreasonable to say that this might be done and the offender, because of his retreat across the state line, could not be reached to protect the rights of the possessor.

Ordinarily, section 57 of the Judicial Code contemplates a determination of the plaintiff's claim on or to the res and the judgment is, so to speak, in rem; but once the court acquires jurisdiction for determining that claim, and the rights which flow from its maintenance, then I think it would follow that complete relief for its vindication could be afforded, and the disturber, if he claims title, be required to resort to the remedies which the state law provides for the vindication of his ownership. The plea to the venue will be overruled. See Elk Garden Co. v. Thayer Co. (C. C.) 179 F. 556. In the cited case the proceeding was one in ejectment under the common law, corresponding to the possessory action in this state.

2. In the action in the state court, it was entirely proper to couple the prayer for equitable relief by injunction, with the statutory action, since there is no distinction in that jurisdiction between law and equity; both being administered indiscriminately by the judge, without the aid of a jury. However, when the case was removed to this court, the issue of possession, which was the principal demand of the suit, made it an action at law here, in which after hearing upon the merits, if the plaintiff prevails, it can have ample relief through appropriate writs. However, this might not prevent one situated as the plaintiff alleges itself to have been, from bringing a separate proceeding in equity, setting up the pendency of its action at law and the insufficiency of remedies in that proceeding as a basis for the protection of its possession by injunction, pending a determination of the legal issues in the suit

at law. In view of the fact that the case was properly brought in the state court and was removed here in that form, I do not think this court would be justified in dismissing it because of the equitable relief sought, but should order that part of the complaint stricken, with leave, if desired, to redraft the equitable part of its demand, seeking preliminary and permanent injunctions to protect its possession, so as to conform to equity pleading, and when this is done, that cause of action be transferred and docketed accordingly. Twist v. Prairie Oil Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297; City of Knoxville v. So. Paving Co. (D. C.) 220 F. 236.

What has been said above I think disposes of the questions raised by exceptions 3 and 4, as well as the pleas of no cause or right of action.

Proper decree should be presented.