## ROTTEL et al. v. YORKSHIRE INS. CO. OF ENGLAND.

### No. 2934.

District Court, M. D. Pennsylvania.
Aug. 14, 1934.

J. H. Morosini and Kelly, Balentine, Fitzgerald & Kelly, all of Scranton, Pa., for plaintiffs.

Welles, Mumford & Stark, of Scranton, Pa., for defendant.

WATSON, District Judge.

This suit was instituted by Dominick Rottel and Anthony Rottel against the Yorkshire Insurance Company of England, to recover on a policy of fire insurance in the sum of $5,000. At the trial of the case before the court and a jury, at the close of plaintiffs' case, defendant moved for a compulsory nonsuit. Upon this motion the court granted a nonsuit, and also granted a rule to show cause why the nonsuit should not be stricken off. This rule is now before the court for disposition.

The nonsuit was granted on the ground that the policy sued upon was issued in the name of Dominick Rottel, and the pleadings and evidence showed that the property described in the policy, which was partially destroyed by fire, was owned at that time by Dominick Rottel and Anthony Rottel as cotenants, two-thirds in Dominick and one-third in Anthony, and upon the further ground that there was not sufficient evidence to submit to the jury of a waiver by the defendant of that portion of the policy requiring the insured to render a proof of loss to the Insurance Company.

That it is the rule in the federal courts that an action at law cannot be maintained on a fire insurance policy by one not named as insured, there can be no question. This was held to be the law in Hutchings v. Caledonian Insurance Co. of Scotland (C. C. A.) 35 F. (2d) 309; Great American Insurance Co. v. Johnson et al. (C. C. A.) 25 F. (2d) 847, 848; and in a number of cases therein cited.

From the evidence in the present case, it might be believed that the minds of the parties met on the proposition; that the defendant was to insure the owners of the property against loss by fire; and that the naming of Dominick Rottel as insured in the policy instead of Dominick Rottel and Anthony Rottel was the result of mutual mistake which occurred through the fault of the agent who wrote the policy. But, until the policy is reformed, there can be no recovery under it in an action at law. In Great American Insurance Company v. Johnson, supra, it was said: "Furthermore until the policy should be reformed there could be no recovery under it, for it appeared from the face of the complaint that there was a breach of the warranty as to unconditional and sole ownership on the part of the insured. This could not be met by parol proof of knowledge of the true ownership on the part of the agent, for it is well settled, in the federal courts, that where, as in this case, the policy provides that no officer or agent of the company shall have power to waive any of its terms, except by written indorsement, such knowledge on the part of the agent will not be held to constitute a waiver of the breach of warranty. Northern Assurance Co. Limited v. Case (C. C. A. 4th)

12 F.(2d) 551; Fidelity-Phenix Fire Ins. Co. v. Queen City Bus Co. (C. C. A. 4th) 3 F.(2d) 784; Lumber Underwriters of New York v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; Northern Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213. It was apparent upon the face of the complaint, therefore, that plaintiffs could not, without reforming the policy, recover upon it in an action at law."

If that were all, the court might discharge the rule to show cause and refuse to strike off the nonsuit; but to do so, under the circumstances of this case, might affect the substantial rights of the parties and result in injustice.

■ Judicial Code § 274a (28 USCA § 397) provides: "In case any United States court shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. All testimony taken before such amendment, if preserved, shall stand as testimony in the cause with like effect as if the pleadings had been originally in the amended form."

The trial judge of his own motion could have transferred the case to the equity docket, and heard it in equity. This was not done, but, in the opinion of the court, should be, and a proper order will be made.

In Clarksburg Trust Co. v. Commercial Casualty Insurance Co., 40 F.(2d) 626, 633, the Circuit Court of Appeals, in referring to section 274a of the Judicial Code, said: "While this statute does not abolish the distinction between actions at law and suits in equity, there can be no question that its purpose was to end the unseemly practice of turning a litigant out of court because he had come in at the wrong door. As said by Chief Justice Taft in Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 121, 67 L. Ed. 232, 236, the section quoted and the other sections of the same statute 'do not create one form of civil action as do the Codes of Procedure in the states, but they manifest a purpose on the part of Congress to change from a suit at law to one in equity and the reverse with as little delay and as little insistence on form as possible.' And in that case the statute was construed as making it the duty of the court, when a case is mistakenly instituted at law, to transfer it to equity. And this duty, under the express wording of the statute, rests not only upon the trial court, but upon any court of the United States, and there can be no question that an appellate court, as well as the trial court, has the power, of its own motion, to transfer a cause to the proper side. See Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 689, 47 S. Ct. 755, 71 L. Ed. 1297; Cyclopedia of Federal Procedure, vol. 6, p. 696."

■ As to the other ground upon which the nonsuit was granted, a careful reading of the testimony and examination of the authorities has convinced the court that there was sufficient evidence to warrant submission to the jury of the question whether the Insurance Company had waived the presentation to it of a proof of loss. Jenkins v. Franklin Fire Insurance Co., 282 Pa. 380, 127 A. 836; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350.

Now, August 14, 1934, the rule to show cause is made absolute, and the nonsuit is stricken off. This case is transferred to the equity docket for hearing in accordance with the principles set forth in this opinion and with leave to both sides to amend their pleadings and introduce further evidence.