**OTTO TRANBERG, Plaintiff**

v.

**IRVING MAIDMAN AND EDITH MAIDMAN, Defendants**

Civil No. 33/1979

District Court of the Virgin Islands

Div. of St. Croix

September 16, 1981

TODD H. NEWMAN, ESQ. (NICHOLS & NEWMAN), Christiansted, St. Croix, V.I., *for plaintiff*

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for defendants*

PETERSEN, *Judge, Sitting By Designation*

## MEMORANDUM AND ORDER

This action was instituted on February 7, 1979, to set aside as fraudulent certain real estate conveyances from defendant Irving Maidman to himself and his wife. Jury trial was demanded by plaintiff. The complaint states that at the time of the conveyances Irving Maidman was indebted to plaintiff and in default, and that either the conveyances rendered him insolvent or he was already insolvent.

Irving Maidman has died, and the executors of his estate have been made defendants. They have moved the Court to strike plaintiff's jury demand, on the ground that the relief sought is strictly equitable.

■■ There is no question but that the setting aside of a fraudulent conveyance is an equitable remedy. Mission Bay Campland, Inc. v. Sumner Financial Corp., 72 F.R.D. 464 (M.D. Fla. 1976); Hyde Properties v. McCoy, 507 F.2d 301 (6th Cir. 1974); Damsky v. Zavatt, 289 F.2d 46 (2d Cir. 1961); Hobbs v. Hull, 1 Cox Ch. 445, 29 E.R. 1242 (1788). While the systems of law and equity in the Federal Courts have been merged since 1938, the distinction between law and equity is still significant with regard to a jury trial. There is no right to a jury trial if viewed historically the issue would have been tried in the courts of equity. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, Civil, § 2302 (1971). In relation to fraud, the right to a jury turns on the remedy sought and the context in which the claim of fraud arises. Wright and Miller, § 2311. A suit to set aside a conveyance as fraudulent asks for equitable relief and thus there is no right to a jury trial. Id.

Plaintiff outlines several reasons why he believes that he has a right to a jury trial in this case. He argues that the equity-law distinction is no longer relevant. It is unclear what is meant by this. The leading cases in the area have jealously guarded the right to a

jury trial, but in no way have they banished or blurred the equity-law distinction: it remains the case that there is no right to a jury trial on a purely equitable issue. Ross v. Bernhard, 396 U.S. 531 (1970); Dairy Queen, Inc. v. Wood, 369 U.S. 469 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959).

Plaintiff argues that the relief sought is not "strictly equitable". It seems that the basis for this claim is that the cause of action here has a statutory basis, 28 V.I.C. § 209. It is not made clear why this should affect the equitable nature of the relief; and in fact it does not. See Curtis v. Loether, 415 U.S. 189 (1974); Hyde Properties, 507 F.2d at 305–06; Dunlop v. Darboian Enterprises, Inc., 410 F.Supp. 479 (E.D. Mich. 1975).

■ Plaintiff quotes part of a sentence of the 1920 Municipal Code of St. Croix. That Code is not relevant here as it has been repealed. The relevant rule granting the right to a jury trial in the Virgin Islands is Rule 38(a), Fed. R. Civ. P., made applicable to the Virgin Islands by § 25 of the Revised Organic Act of 1954. That rule, which makes reference to the Seventh Amendment to the United States Constitution, does call for historical inquiry. If the issue in the context in which it arises would have been heard at common law in 1791, when the Seventh Amendment was adopted, or in 1938 when law and equity were merged, then there is a right to jury trial. Wright & Miller, § 2302. Any historical inquiry, then, has to do with the state of the general common law in 1791 and 1938. Virgin Islands law would be relevant only insofar as now valid law granted a right to a jury trial. 28 V.I.C. § 171, providing that the question of fraudulent intent is question of fact, does not affect the issue of right to jury trial; and plaintiff has pointed to no other current Virgin Islands statute relevant to the issue of jury trial right.

■ Plaintiff claims that in the interest of judicial economy a jury trial should be granted here, since under 28 V.I.C. § 209(1) plaintiff has the option of proceeding in his current path of attempting to have the conveyances set aside, or of disregarding the conveyances and levying execution upon the property conveyed. The claim of judicial economy is a double-edged sword in this context: court trials may be a more efficient use of resources than jury trials. See Melancom v. McKeithen, 345 F.Supp. 1025, 1040 n.48 (E.D. La. 1972); Sarpy, Civil Juries, Their Decline and Eventual Fall, 11 Loyola L. Rev. 243 (1965). Simply because plaintiff could proceed in a way so that the issues between the parties will arise in a legal context is not justification for treating him as if he has. This was plaintiff's decision to make.

The case of Hyde Properties has some similarities to but also significant differences from this case. There the United States as tax lien creditor attacked the conveyance of two promissory notes as fraudulent. The defendant in that case demanded a jury trial; the government moved to strike the demand. The government had the same two options there under Tennessee law as plaintiff has here—to have the transfer set aside, or to ignore the conveyance and levy an execution upon the property. The Court found that the first remedy was exclusively within the power of equity, and the second remedy was legal. To protect the defendant's Seventh Amendment right to jury trial, the Court held that the creditor must proceed at law unless the legal remedy is inadequate, citing Beacon Theatres and Dairy Queen. The Court found the legal remedy inadequate in that particular situation.

In the instant case it is the plaintiff who demands a jury trial on his equitable remedy. A defendant, as in Hyde Properties, has no choice as to the type of remedy plaintiff will pursue. Here plaintiff, making his choice of an equitable remedy, will be held to the consequences of that choice, i.e. lack of right to jury trial. Plaintiff notes correctly that there is no constitutional right to a non-jury trial. Fitzgerald v. United States Line, 374 U.S. 16 (1963). However, while it may not constitute prejudicial error to send an issue in equity to the jury, this does not mean that it is appropriate. Hurwitz v. Hurwitz, 136 F.2d 796 (D.C. Cir. 1943); Great American Insurance Co. v. Johnson, 27 F.2d 71 (4th Cir. 1928). If a question is one that is peculiarly proper for a court of equity to determine for itself, it should not be submitted to a jury. 27 Am.Jur.2d, Equity, § 239 (1966). Relief from fraud is one of the most important and fully exercised remedies in equity. Id. § 20.

Plaintiff states that there should be a jury trial here because neither Edith Maidman, one of the original defendants, nor Irving Maidman, for whom the executors of his estate were substituted as parties, objected to the jury trial demand. Plaintiff contends that the executors should be bound by Irving Maidmân's failure to object. Plaintiff has presented no authority for this position, and this Court has found none. This Court finds irrelevant the failure of Edith or Irving Maidman to object to the jury trial demand. Indeed, the Court on its own initiative may find that a right to jury trial does not exist. Rule 39(a)(2), Fed. R. Civ. P.

It is noted in Dairy Queen that the necessary prerequisite to maintain a suit requesting an equitable remedy is the absence of an ade-

quate remedy at law. 369 U.S. at 478. The Court in Hyde Properties interpreted this to mean that where a plaintiff by statute could either pursue the equitable remedy of setting aside a conveyance, or the legal remedy of levying execution, the legal remedy must be pursued unless it is inadequate. To follow that ruling here would compel plaintiff to show why levying execution on the contested properties is an inadequate remedy before pursuing further his action to set aside these conveyances. This Court need not address this question now. However, where a plaintiff has a legal remedy available but chooses to utilize an equitable remedy, the Court sees no basis for granting a jury trial in the action.

## ORDER

For the reasons stated above,

It is hereby ORDERED

That defendant's motion to strike the jury demand of plaintiff be, and hereby is, GRANTED.