**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOSE RUIZ,

        *Plaintiff - Appellee*,

  v.

THE BRADFORD EXCHANGE, LTD.,

        *Defendant - Appellant*.

No. 24-3378

D.C. No.
3:23-cv-01800-
WQH-KSC

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 27, 2025
Pasadena, California

Filed August 28, 2025

Before: Danny J. Boggs,[*] Michelle T. Friedland, and
Daniel A. Bress, Circuit Judges.

Opinion by Judge Bress

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY**

### Remand / Equitable Jurisdiction

The panel vacated the district court's order remanding this case to state court and remanded to the district court to give the defendant the opportunity to waive the adequate-remedy-at-law defense in order to keep the case in federal court.

Jose Ruiz filed a putative class-action complaint against The Bradford Exchange in California state court, alleging claims under California's False Advertising Law and Unfair Competition Law. He sought only equitable restitution, but not the legal remedy of damages. Ruiz conceded he could have sought damages under California's Consumer Legal Remedies Act, but he did not.

After Bradford removed the case to federal court under the Class Action Fairness Act, Ruiz moved to remand the case to state court based on the federal court's lack of "equitable jurisdiction," a doctrine that precludes federal courts from granting equitable relief when the plaintiff has an adequate remedy at law. The district court granted Ruiz's remand motion, holding that (1) its power to remand a case to state court extended to a lack of equitable jurisdiction, and (2) Bradford could not waive its adequate-remedy-at-law defense to keep the case in federal court.

The panel held that district courts have the power to remand a removed case to state court for lack of equitable

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

jurisdiction. However, if a plaintiff files a lawsuit in state court seeking only equitable relief and the case is properly removed to federal court, a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law defense, as Bradford tried to do in the district court.

Accordingly, the panel vacated the district court's decision and remanded so that Bradford can perfect its waiver, assuming Bradford still wishes to do so. If Bradford waives the adequate-remedy-at-law defense, the case may then proceed in federal court in the normal course.

## COUNSEL

Zachariah P. Dostart (argued) and James T. Hannink, Dostart Hannink LLP, La Jolla, California, for Plaintiff-Appellee.

Kate T. Spelman (argued) and Madeline P. Skitzki, Jenner & Block LLP, Los Angeles, California; Adam G. Unikowsky and Jonathan J. Marshall, Jenner & Block LLP, Washington, D.C.; for Defendant-Appellant.

## OPINION

BRESS, Circuit Judge:

The plaintiff in this case employed a strategy for trying to avoid removal of his putative class action to federal court. His complaint in state court sought only equitable relief, specifically equitable restitution, but not the legal remedy of damages. When the defendant removed the case to federal court under the Class Action Fairness Act (CAFA), the plaintiff moved to remand based on the federal court's lack of "equitable jurisdiction," a doctrine that precludes federal courts from granting equitable relief when the plaintiff has an adequate remedy at law. Does the plaintiff's strategy to avoid federal court jurisdiction work?

We hold that in this situation, district courts are empowered to remand a removed case to state court for lack of equitable jurisdiction, but only after the removing defendant is given the opportunity to waive the adequate-remedy-at-law issue to keep the case in federal court. We vacate the district court's order remanding this case to state court and remand to the district court to permit the defendant to waive the adequate-remedy-at-law objection, as it sought to do below.

I

In May 2020, Jose Ruiz purchased a snow-globe collectible from The Bradford Exchange's (Bradford) website. On the day he made the purchase, he was charged $40.49. But in the ensuing months, his PayPal account was subsequently charged eleven more times, totaling an additional $223.67. Ruiz alleges he was not informed that he had purchased a subscription for additional collectibles.

Ruiz filed a putative class-action complaint against Bradford, an Illinois corporation, in California state court, alleging claims under California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17535 & 17600 et seq., and Unfair Competition Law (UCL), *id.* § 17200 et seq. Under the FAL and UCL, Ruiz sought only equitable restitution. *See In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 96 (Ct. App. 2009) ("The remedies available in a UCL or FAL action are limited to injunctive relief and restitution."); *see also Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1043 (9th Cir. 2021). Ruiz concedes that he could have sought damages (a legal remedy) under California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 et seq., but he did not.

Bradford removed the case to federal court under CAFA. As a general matter, CAFA creates subject matter jurisdiction in federal court for class actions where (1) there is minimal diversity; (2) the amount in controversy exceeds $5 million; and (3) there are more than 100 members in the proposed class. 28 U.S.C. § 1332(d); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007). There is no dispute that the district court had subject matter jurisdiction over this case under CAFA.

Ruiz moved to remand the case to state court. He pointed to the fact that California law provided him with legal remedies that he could have sought, but that he chose to seek only an equitable remedy. Since he had failed to plead that he lacked an adequate remedy at law, Ruiz argued that the district court lacked equitable jurisdiction under our precedents. Ruiz further contended that lack of equitable jurisdiction is a non-waivable defect, leaving the district court no choice but to remand the case to state court.

Bradford opposed remand. It argued that the district court lacked the statutory or common-law authority to remand the case to state court. In the alternative, Bradford argued that if the district court had the power to remand, Bradford should be given the opportunity to waive the adequate-remedy-at-law issue to keep the case in federal court.

The district court granted Ruiz's remand motion. Examining authority from the Supreme Court and this court, the district court concluded that its power to remand a case to state court extended to a lack of equitable jurisdiction. It also ruled that Bradford could not waive its "adequate-remedy-at-law defense."

Bradford appeals. We have jurisdiction under 28 U.S.C. § 1291. *See Harmston v. City & Cnty. of S.F.*, 627 F.3d 1273, 1277 (9th Cir. 2010) (noting that "only remands based on grounds specified in [28 U.S.C.] § 1447(c)" cannot be appealed under 28 U.S.C. § 1447(d) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996))).

## II

## A

The doctrine of "equitable jurisdiction" places limits on the equitable powers of federal courts. Seven years after holding in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), that federal courts sitting in diversity follow state substantive law, *id.* at 78, the Supreme Court clarified in *Guaranty Trust Co. of N.Y.C. v. York*, 326 U.S. 99 (1945), that "[e]quitable relief in a federal court" must still "be within the traditional scope of equity as historically evolved in the English Court of Chancery." *Id.* at 105. Most notably, "a plain, adequate and complete remedy at law must be

wanting" for a federal court to exercise its equity powers, even in cases where "a State may authorize its courts to give equitable relief unhampered" by a similar restriction. *Id.* at 105–06. This limitation on the equitable powers of federal courts therefore applied in diversity cases as well. *Id.* at 106.

Three key Ninth Circuit precedents considered the doctrine of equitable jurisdiction and set the stage for the issues in this case. The first is *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) (*Sonner I*). In *Sonner I*, the plaintiff filed a class action in federal court seeking both legal and equitable relief. *Id.* at 837–38. After years of litigation, the plaintiff moved, shortly before trial, to amend her complaint to voluntarily dismiss the damages claim, leaving only a claim for equitable restitution. *Id.* at 838. This maneuver was motivated by the plaintiff's apparent desire for a bench trial, rather than a jury trial, *id.* at 837–38, which the defendant would be guaranteed under the Seventh Amendment for cases seeking legal relief. After the plaintiff dismissed her damages claim, the district court dismissed the restitution claims on state-law principles of equitable jurisdiction, thereby ending the case. *Id.* at 838.

The plaintiff appealed and we affirmed on the alternative ground that the district court lacked equitable jurisdiction as a matter of federal common law. *Id.* at 841–43. Tracing the history of equitable jurisdiction that we discussed above, *Sonner I* explained that "the Supreme Court has never repudiated its statements in *York*—offered seven years after *Erie*—that state law can neither broaden nor restrain a federal court's power to issue equitable relief." *Id.* at 841. Thus, "even if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles

unaffected by state law." *Id.* Relying on the federal equitable rule "precluding courts from awarding equitable relief when an adequate legal remedy exists," *id.* at 842, we held that, because the plaintiff had not attempted to allege in the operative complaint that she lacked an adequate remedy at law, her suit was properly dismissed once she voluntarily dropped her claims for legal relief. *Id.* at 844–45.

The day after the mandate issued in *Sonner I*, Sonner refiled her same case in state court, and the defendant subsequently asked the *Sonner I* district court to enjoin the state court proceedings. *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1303 (9th Cir. 2022) (*Sonner II*). A central question was whether the dismissal in *Sonner I* was on jurisdictional grounds or on the merits—the latter of which would permit an injunction of the state court proceedings under the "relitigation exception" to the Anti-Injunction Act, 28 U.S.C. § 2283. *Id.* at 1303–04. Avoiding resolution of this issue, the district court exercised its discretion to decline to issue the injunction and left it to the state court to determine the preclusive effect of *Sonner I*. *Id* at 1304.

On appeal, we clarified that the dismissal in *Sonner I* was not for lack of subject matter jurisdiction, but was rather based on Sonner's failure to state a claim upon which relief can be granted. *Id.* at 1304 (citing Fed. R. Civ. P. 12(b)(6)). We explained that in *Sonner I*, "there is no doubt that our dismissal was *not* for lack of subject matter jurisdiction." *Id.* "Instead, we affirmed the district court's dismissal of Sonner's claims for failure to state a claim under Rule 12(b)(6), but on the basis of federal, rather than state, law." *Id.* We further explained that in *Sonner I*, had "we thought dismissal should have been for lack of subject matter jurisdiction, we would have vacated and remanded with instructions to that effect." *Id.* at 1305.

*Sonner I* referred to equitable jurisdiction as "a threshold jurisdictional question." 971 F.3d at 839. *Sonner II* clarified this phrasing, explaining that "the 'jurisdictional' question we decided [in *Sonner I*] was which forum's laws applied, *not* whether jurisdiction was lacking." 49 F.4th at 1305. Nevertheless*,* we ultimately agreed with the district court in *Sonner II* that the state court should determine in the first instance the preclusive effect of the *Sonner I* dismissal. *Id.* at 1307.

On the same day that we issued *Sonner II*, we decided *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022). In that case, a class-action plaintiff filed suit in federal court alleging violations of California's UCL, FAL, and CLRA concerning a label on an off-road vehicle. *Id.* at 1310. The district court concluded that the plaintiff's CLRA and FAL claims were time-barred. *Id.* at 1311. Because the CLRA claim had been the plaintiff's only claim for legal relief, this left him with only his UCL claim for equitable relief. *Id.* After dismissing the legal claim as time-barred, the district court granted summary judgment for the defendant on the equitable UCL claim. *Id.* The district court held that even if the legal remedy was time-barred, it still qualified as an adequate remedy at law, thus depriving the court of equitable jurisdiction. *Id.* The court then granted summary judgment for the defendant and dismissed the equitable UCL claim with prejudice. *Id.*

We agreed with the district court that, because the plaintiff "had an adequate remedy at law through his CLRA claim for damages, even though he could no longer pursue it," this meant that the district court was "required to dismiss his equitable UCL claim" for lack of equitable jurisdiction. *Id.* at 1312; *see also id.* (explaining that the plaintiff "cannot have neglected his opportunity to pursue his CLRA damages

claim, which was an adequate remedy at law, and then be rewarded for that neglect with the opportunity to pursue his equitable UCL claim in federal court").

But *Guzman* also held that the district court should have dismissed the case without prejudice. *Id.* at 1313. We reasoned that the lack of equitable jurisdiction was a non-merits determination akin to declining to exercise jurisdiction under abstention principles or the doctrine of *forum non conveniens*, and so the district court was required to dismiss the UCL claim *without* prejudice to refiling in state court. *Id.* at 1314–15. In short, the dismissal for lack of equitable jurisdiction was a "pre-merits determination" that was binding on other federal courts but "not on courts outside the federal system that might properly exercise their own jurisdiction over the claim." *Id.* at 1314.

The *Sonner* cases and *Guzman*, which all concerned lawsuits initially filed in federal court, yield a few key conclusions that are relevant here: federal courts in diversity cases apply federal principles of equitable jurisdiction; a plaintiff who fails to allege the lack of an adequate remedy at law cannot utilize a federal court's equitable jurisdiction; equitable jurisdiction is not a matter of subject matter jurisdiction; and when a case is initially filed in federal court and the defendant demonstrates that equitable jurisdiction is lacking, a court must dismiss the case, but without prejudice.

With this background from our precedents, we turn back to the case before us.

B

As a reminder, the plaintiff in this case sued in state court, foregoing available legal remedies and bringing only equitable claims under the UCL and FAL. The defendant

removed the case under CAFA.  The plaintiff then moved to remand for lack of equitable jurisdiction, on the theory that he had not alleged he lacked an adequate remedy at law.  The first question is whether the district court had the authority to remand the case to state court.

In both *Sonner I* and *Guzman*, the plaintiffs initiated their cases in federal court, so the district courts, when faced with requests for dismissal for lack of equitable jurisdiction, had no alternative other than to dismiss the cases without prejudice; remand was not an option.  This case, by contrast, involves a complaint initially filed in state court, which raises the question of whether remand was a potential option.  But dismissal on equitable jurisdiction grounds may have been a potential option, too.

Bradford insists that it would not have moved to dismiss the removed case on equitable jurisdiction grounds and that it had not yet done so.  But because Ruiz would be proceeding in federal court with equitable claims only and with no suggestion that he lacked an adequate remedy at law, Bradford upon removal could have validly moved to dismiss for lack of equitable jurisdiction.  *See Sonner I*, 971 F.3d at 841–42.  The only reason Bradford did not pursue that dismissal in district court was by its own election.  That is, for its own strategic reasons—a dismissal without prejudice would have led to the plaintiff refiling in state court— Bradford forwent an available motion to dismiss on equitable jurisdiction grounds.  We take up later whether Bradford could waive the lack of equitable jurisdiction.  But we must first explain the remand issue that sets up the need for a waiver before the case could remain in federal court.

We first hold that when a case is removed from state court and the district court concludes it lacks equitable

jurisdiction, the court has the authority to remand the case to state court. The court is not required to dismiss the case. What would have happened if the district court had dismissed the case? The dismissal would be without prejudice, under our case law. *See Guzman*, 49 F.4th at 1313. So the plaintiff could turn right around and re-file the same case in state court. And once the plaintiff did so, the defendant could then remove the case to federal court again and seek to have it dismissed for lack of equitable jurisdiction. And because that dismissal would be without prejudice, the removal-dismissal loop could continue on indefinitely. This would generate some nice filing fees in district court, but it would create pointless administrative work for judges and court staff, while accomplishing little else. Fortunately, the law does not require this result.

Although the precedents, like the Supreme Court's cases on equitable jurisdiction, are old, the Supreme Court long ago indicated that remand to state court was a permissible response to a lack of equitable jurisdiction. In *Cates v. Allen*, 149 U.S. 451 (1893), a lawsuit was removed from state court on the basis of diversity jurisdiction. As in this case, the plaintiffs had failed to "exhaust[] the legal remed[ies]" available. *Id.* at 457. The Supreme Court directed that the case be remanded to state court. *Id.* at 460–61 (explaining that the lower court "was not compelled to dismiss the case, but might have remanded it").

Similarly, in *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927), the Supreme Court observed that a case removed to federal court that exceeds the federal equitable power should be "remanded to the state court where the equitable relief sought, although beyond the equitable jurisdiction of the federal court, may be granted by the state court." *Id.* at 690. And somewhat more recently, the Supreme Court

noted that "in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts . . . can . . . decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." *Quackenbush*, 517 U.S. at 721.

Bradford argues that *Cates* and *Twist* are no longer good law after the Federal Rules of Civil Procedure merged law and equity in the federal courts in 1938. But Bradford does not explain why the merger of law and equity would change the power of a district court to remand for lack of equitable jurisdiction. In fact, the Supreme Court has noted that although the merger means there is only one form of civil action in federal court, the ultimate powers of federal courts were not affected. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014) ("[T]he substantive and remedial principles applicable prior to the advent of the federal rules have not changed." (brackets omitted) (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure § 1043, p. 177 (3d ed. 2002))).

Allowing district courts to remand for lack of equitable jurisdiction is consistent with other contexts in which remand has been permitted. *See, e.g.*, *Quackenbush*, 517 U.S. at 721 (abstention doctrines); *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2008) (forum selection clauses). In these contexts as well, allowing remand avoids the perpetual removal-dismissal loops that might otherwise occur if district courts were limited to dismissing an action without prejudice.

Bradford protests that a remand for lack of equitable jurisdiction is not among the bases for remand in 28 U.S.C. § 1447(c). But it acknowledges that the above non-statutory bases for remand have been long permitted. Nor is Bradford

correct that the district court here created some new "abstention-adjacent" doctrine in concluding it had the power to remand. The district court simply applied the existing and longstanding doctrine of equitable jurisdiction, and it then remanded in light of that, citing the removal-dismissal loop. Indeed, Bradford does not point to any case in which a federal court has endorsed the sort of perpetual removal-dismissal loop that could result if remand were not permitted here.

We reject Bradford's argument that remand should be disallowed because the perpetual loop is Ruiz's fault for pursuing what Bradford describes as "useless equitable claims for the sole purpose of forum shopping." Even when a defendant may think certain claims are "useless," it remains true that a "plaintiff is the master of his complaint." *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). And plaintiffs are free to selectively plead claims to avoid federal court jurisdiction. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Ruiz was not required to plead all claims available to him, and defendants are not entitled to engineer a perpetual loop to force plaintiffs to plead causes of actions they have chosen to omit. Although Ruiz's strategic choices do not necessarily mean he can avoid federal court under CAFA, as we discuss below, the federal doctrine of equitable jurisdiction does not require Ruiz to undertake any specific actions in state court. That would be contrary to the overall view in this court's cases that what a state does in terms of equitable jurisdiction is up to the state. *See Guzman*, 49 F.4th at 1314; *Sonner I*, 971 F.3d at 841.

Allowing remands is also more in line with our decision in *Guzman*. If dismissal for lack of equitable jurisdiction

must be without prejudice, as *Guzman* holds, it seems inevitable that remands would be both necessary for and incidental to that authority, to avoid the removal-dismissal loop.  But the broader logic of *Guzman* supports remand as well.  Although we did not address this particular question in *Guzman*, allowing a remand tracks our direction in *Guzman* that when a federal court lacks equitable jurisdiction, litigants should have the opportunity to pursue their cases in state court.  49 F.4th at 1314.

Although not binding on us, we note that district courts in our circuit have overwhelmingly recognized the power to remand to state court when faced with a lack of equitable jurisdiction.  *See, e.g.*, *Youssef v. Great Am. Life Ins. Co.*, No. 25-cv-02545, 2025 WL 2265431, at *5 (C.D. Cal. Aug. 7, 2025); *White v. BP Prods. N. Am., Inc.*, No. 24-cv-01827, 2024 WL 5247959, at *4–*5 (C.D. Cal. Dec. 26, 2024); *Rogoff v. Transamerica Life Ins. Co.*, No. EDCV 24-1254, 2024 WL 5010642, at *4 (C.D. Cal. Dec. 6, 2024), *appeal filed*, No. 24-7732 (9th Cir. Dec. 24, 2024); *Hendrickson v. Wal-Mart Assocs., Inc.*, No. 23-cv-00110, 2024 WL 4896586, at *4 (S.D. Cal. Nov. 26, 2024); *Haver v. Gen. Mills, Inc.*, 2024 WL 4492052, at *3 (S.D. Cal. Oct. 11, 2024) *appeal filed*, No. 24-6784 (9th Cir. Nov. 11, 2024); *Granato v. Apple Inc.*, No. 22-cv-02316, 2023 WL 4646038, at *5–*6 (N.D. Cal. July 19, 2023); *Linton v. Axcess Fin. Servs.*, No. 23-cv-01832, 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023); *Clevenger v. Welch Foods Inc.*, No. SACV 23-00127, 2023 WL 2390630, at *5 (C.D. Cal. Mar. 7, 2023).  A learned decision from Judge Orrick in *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021), concludes the same after more substantial analysis.

Finally, Bradford's reliance on *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588 (2013), to preclude remand is unavailing. In that case, the Supreme Court rejected an attempt by the named plaintiff in a putative class action to avoid federal jurisdiction by stipulating to an amount in controversy below CAFA's $5 million jurisdictional threshold. *Id.* at 596. *Standard Fire* was grounded in the logic that the named plaintiff could not bind other members of the class before the class was certified. *Id.*

Here, Ruiz's remand request does not depend for its legal effectiveness on any stipulation that would need to bind other members of the putative class. And more generally, *Standard Fire* does not limit plaintiffs' ability to decide which claims to pursue, even in a class action. *See Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218, 1223 (9th Cir. 2014) (en banc) (noting that *Standard Fire* "reiterates that plaintiffs are the 'masters of their complaints' who may structure those complaints to avoid federal jurisdiction in some circumstances" (quoting *Standard Fire*, 568 U.S. at 595)); *Scimone v. Carnival Corp.*, 720 F.3d 876, 886 (11th Cir. 2013) (rejecting the argument that *Standard Fire* creates a "broad rule that CAFA does not allow plaintiffs to structure their lawsuits to avoid CAFA jurisdiction").

For the foregoing reasons, we hold that district courts have the power to remand a removed case to state court for lack of equitable jurisdiction.

## C

But that is not the end of the matter. Although the district court had the authority to remand the case to state court, the court erred by ruling that Bradford could not waive the adequate-remedy-at-law impediment, which is waivable.

The cases are once again of a mature vintage, but the Supreme Court has held that equitable jurisdiction is waivable. *See Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 500 (1923) ("[U]nlike lack of jurisdiction as a federal court . . . lack of equity jurisdiction (if not objected to by a defendant) may be ignored by the court, in cases where the subject-matter of the suit is of a class of which a court of equity has jurisdiction.  And where the defendant has expressly consented to action by the court, or has failed to object seasonably, the objection will be treated as waived."); *Am. Mills Co. v. Am. Sur. Co. of N.Y.*, 260 U.S. 360, 363 (1922) (evaluating whether the defendant had waived its adequate-remedy-at-law objection).

Indeed, in *Twist*, the same hoary precedent that Ruiz invokes to support the district court's remand authority, the Supreme Court acknowledged that there are cases where "the defendant waived the objection of lack of equity jurisdiction."  274 U.S. at 691.  As *Twist* explained, "[s]uch waiver is possible, because the objection that the bill does not make a case within the equity jurisdiction of a federal court goes not to the power of the court as a federal court, but to the merits."  *Id.*  Relying on older Supreme Court precedent, the Sixth Circuit has likewise observed that "a party could waive the claim that a court lacked 'equity jurisdiction' (unlike the claim that it lacked subject-matter jurisdiction)."  *Digit. Media Sols., LLC v. S. Univ. of Ohio, LLC*, 59 F.4th 772, 779 (6th Cir. 2023) (citing *In re Metro. Ry. Receivership*, 208 U.S. 90, 109–10 (1908)).

That a defendant can waive the objection that the plaintiff has an adequate remedy at law follows from first principles.  Subject matter jurisdiction, notably, "can never be forfeited or waived," as it "involves a court's power to hear a case."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

(2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).  But the law is clear that "[e]quitable jurisdiction is distinct from subject matter jurisdiction." *Guzman*, 49 F.4th at 1314; *see also id.* ("Subject matter jurisdiction regards 'whether the claim falls within the limited jurisdiction conferred on the federal courts' by Congress, while equitable jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'" (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975))).  As we said over seventy years ago, "'equity jurisdiction' does not relate to the power of the court to hear and determine a controversy." *Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953). Indeed, this was the central teaching of our decision in *Sonner II*, which clarified that the dismissal in *Sonner I* was not based on lack of subject matter jurisdiction.  *See Sonner II*, 49 F.4th at 1303.

Treating the availability of an adequate remedy at law as a non-waivable defect, as Ruiz maintains, would therefore wrongly align the doctrine of equity jurisdiction with subject matter jurisdiction, contrary to precedent.  And it would wrongly imply that, as with subject matter jurisdiction, district courts have an independent obligation to assess equitable jurisdiction—which we have never held.[1]

---

[1] Our later decision in *Key v. Qualcomm Inc.*, 129 F.4th 1129 (9th Cir. 2025), described how "where an adequate legal remedy exists, federal courts are precluded from awarding equitable relief, at least in the form of equitable restitution."  *Id.* at 1142.  *Key* then stated: "This rule is jurisdictional."  *Id.*  But for this proposition, *Key* cited *Sonner I*.  *See id.* And as we have explained, *Sonner II* explained at length that the dismissal in *Sonner I* was not for lack of subject matter jurisdiction.  *See Sonner II*, 49 F.4th at 1303–05.  The "jurisdictional" language in *Key* is thus properly understood as referring only to the scope of available

Treating the adequate-remedy-at-law objection as waivable would also align equitable jurisdiction with abstention and *forum non conveniens*, two doctrines we have already said are comparable. *Guzman* described equitable jurisdiction as a "pre-merits determination to withhold relief," analogous to "when federal courts decline to exercise jurisdiction under abstention principles or the doctrine of *forum non conveniens*." 49 F.4th at 1314. Abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is considered waivable. *See, e.g.*, *Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626 (1986) ("A State may of course voluntarily submit to federal jurisdiction even though it might have had a tenable claim for abstention."); *Brown v. Hotel & Rest. Emps. & Bartenders Int'l Union Loc. 54*, 468 U.S. 491, 500 n.9 (1984); *Mocek v. City of Albuquerque*, 813 F.3d 912, 935 n.11 (10th Cir. 2015); *Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 517 (1st Cir. 2009); *see also S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 805–06 (9th Cir.), *modified*, 307 F.3d 943 (9th Cir. 2002) (abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), can be waived). An objection based on *forum non conveniens* is also waivable. *See, e.g.*, *Atl. Marine Constr. Co v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 64 (2013); *Est. of*

---

equitable relief in federal court, not subject matter jurisdiction. *See Arbaugh*, 546 U.S. at 511 (cautioning against reliance on "drive-by jurisdictional rulings," which should have "no precedential effect" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)); *see also, e.g.*, *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 971 (9th Cir. 2012) (same). Indeed, in *Key* itself, we concluded that the district court lacked equitable jurisdiction, but when we vacated and remanded on this point, we did not direct the district court to dismiss the claim for lack of subject matter jurisdiction. *Key*, 129 F.4th at 1142, 1147. In any event, *Key* did not consider whether an adequate-remedy-at-law objection is waivable, and so it cannot govern on that point.

*I.E.H. v. CKE Rests., Holdings, Inc.*, 995 F.3d 659, 665 (8th Cir. 2021); *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 614 (3d Cir. 1991).

That the doctrine of equitable jurisdiction has "jurisdiction" in its name does not undermine the comparison to abstention and *forum non conveniens*. Most notably, personal jurisdiction can be waived, because it "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982). Similar to equitable jurisdiction, personal jurisdiction has been described as "'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emps. Reins. Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). But that is only true if a defendant does not waive its personal jurisdiction defense.

Allowing a defendant to waive the adequate-remedy-at-law issue is also consistent with a broader rationale for the federal doctrine of equitable jurisdiction, namely, protection of the right to a jury trial. In *Sonner I*, in explaining why federal principles of equitable jurisdiction must prevail in federal court over state rules of equity jurisdiction, we observed that "the principle precluding courts from awarding equitable relief when an adequate legal remedy exists implicates the well-established federal policy of safeguarding the constitutional right to a trial by jury in federal court." 971 F.3d at 842. It did not matter that California may have "streamline[d] UCL and CLRA claims by abrogating the state's inadequate-remedy-at-law doctrine," because "the strong federal policy protecting the constitutional right to a trial by jury outweighs that

procedural interest." *Id.* But a defendant's right to a civil jury trial can be waived. *See* Fed. R. Civ. P. 38(d). It would therefore be counterintuitive if the adequate-remedy-at-law objection protecting the waivable jury-trial right could not itself be waived. *Cf. Digit. Media Sols.*, 59 F.4th at 779 (holding that the district court could create a receivership, an equitable remedy, with the consent of the debtor even if the creditor had an adequate remedy at law).

That courts can raise the adequate-remedy-at-law issue *sua sponte* does not make the objection non-waivable. Ruiz cites *Allen v. Pullman's Palace-Car Co.*, 139 U.S. 658, 662 (1891), in which the Supreme Court held that federal courts can raise a lack of equitable jurisdiction even if not raised by a party. *See also S. Pac. R.R. Co. v. United States*, 200 U.S. 341, 349 (1906). But it does not follow from the fact that a court can raise an issue *sua sponte* that the issue is not waivable. We have held that *Younger* abstention may be raised *sua sponte*, *see H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000), even though, as noted above, that doctrine can also be waived. *Ohio C.R. Comm'n*, 477 U.S. at 626.

We note that there are statements in our cases to the effect that "where an adequate legal remedy exists, federal courts are precluded from awarding equitable relief, at least in the form of equitable restitution." *Key*, 129 F.4th at 1142; *see also, e.g.*, *Guzman*, 49 F.4th at 1313 ("In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."). But these cases involved defendants who were pressing adequate-remedy-at-law objections and seeking dismissals for lack of equitable jurisdiction. These cases did not address whether a defendant could waive the objection.

In this sense, these cases are no different than ones stating that a court is powerless to adjudicate claims against a defendant over which the court lacks personal jurisdiction—which is true only insofar as the defendant has not waived the objection. And as we have discussed throughout above, our reasoning in *Sonner I*, *Sonner II*, and *Guzman* supports allowing defendants to waive the adequate-remedy-at-law issue. That is especially so when, at bottom, the plaintiff is seeking the same ultimate relief that would be afforded through claims at law—money—but is bringing claims for equitable restitution to avoid removal.

The upshot of our decision today is the following: if a plaintiff files a lawsuit in state court seeking only equitable relief and the case is properly removed to federal court, a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue. Bradford tried to do this in the district court. Bradford made clear that if the district court concluded that it had authority to remand to state court for lack of equitable jurisdiction, it should be given the opportunity to waive the adequate-remedy-at-law impediment. We accordingly vacate the district court's decision and remand so that Bradford can perfect its waiver, assuming Bradford still wishes to do so. If Bradford waives the adequate-remedy-at-law defense, the case may then proceed in federal court in the normal course.

**VACATED AND REMANDED.**